1  Gary S. Casselman, Esq. (SB# 81658)
   LAW OFFICES OF GARY S. CASSELMAN
2  3415 South Sepulveda Boulevard, Suite 100
   Los Angeles, CA  90034
3  Tel. (310) 314-4444 Fax (310) 314-4447
   garyscasselman@gmail.com
4

5  Attorneys for Plaintiff

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 QIANA MARSHALL,                    )   Case No.: CV-10-06439 MMM (FMOx)
                                      )
12            Plaintiff,              )   JOINT RULE 26(b) REPORT AND CASE
                                      )   MANAGEMENT ORDER [PROPOSED]
13     vs.                            )
                                      )   Sched. Conf.: 11/29/2010
14 COUNTY OF LOS ANGELES, and )           Time:        9:00 a.m.
   DOES 1 through 10, inclusive,      )   Ctrm:        780, Roybal
15                                    )
              Defendants.             )   The Honorable Margaret Morrow, United
16                                    )   States District Court Judge, Central Dist.
                                      )
17 _____)

18     Pursuant to Federal Rule of Civil Procedure 26(f) Plaintiff QIANA MARSHALL

19 and Defendants COUNTY OF LOS ANGELES  submit this joint report for the

20 November  29, 2010 Scheduling Conference.

21

22 1.     **The parties to this action and counsel**:

23     Plaintiff QIANA MARSHALL:  Gary S. Casselman and Danielle Casselman

24 of the Law offices of Gary S. Casselman.

25     Defendant COUNTY OF LOS ANGELES: Gary Gross Esq., Deputy, Los

26 Angeles County Counsel.  It is anticipated that individual deputy sheriffs will be

27 added to the action.  Defense counsel has indicated that he will accept service for said

28 additional defendants.

2.   **Plaintiffs' Factual Allegations:**

This case arises from defendants Los Angeles County Sheriff Deputies early morning entry into plaintiff's apartment, seizure of plaintiff, and search of the premises.   Plaintiff's residence was in actuality not the correct address for a parole search to be conducted by these defendants.  Plaintiff, attired only with a nightshirt, was awakened and forced to open her door by defendants, purportedly executing a parole search.

During defendant's unlawful entry and presence at the premises, plaintiff, a middle-aged African American woman remained nude and exposed from the waist-down, as defendants refused to allow her access to her bathrobe or to cover herself.  Upon realizing that they had entered the wrong apartment, defendants released plaintiff and departed without apology or explanation.  Plaintiff suffered emotional distress as a result of this incident.


**Defendants' Factual Allegations**:

On November 5, 2009, Sheriff's Department deputies assisted parole agents of the California Department of Justice in conducting a parole compliance check.  The Deputies were provided information regarding a parolee in the plaintiff's building indicating residence in apartment number 6, plaintiff's apartment.  Deputies knocked on the door and plaintiff answered and allowed them to enter.

Plaintiff remained standing in the living room with several officers, and other officers conducted a quick check of other rooms in the apartment to determine whether anyone else was present.  In speaking with the Plaintiff, it became clear that the parolee being sought did not reside in the apartment.  At or near the same time, the plaintiff's neighbor emerged from her apartment, number 6A, and indicated the parolee they were looking for was her son.  The deputies apologized to the plaintiff and left.

The plaintiff was wearing a nightshirt, however the defendant denies that

plaintiff was nude nor was her body exposed, and she was not harmed in any way during the encounter.

3. **Motions that may be dispositive or partially dispositive**:

Plaintiff will soon file a "Doe" amendment to the complaint identifying the "Doe" defendants as named parties, including six individual Los Angeles County Sheriff Deputies who were recently identified.

Plaintiff believes that all the key legal issues in this case, namely unlawful entry, unlawful detention and unlawful search could be resolved by a motion for summary judgment or motions in limine and anticipates filing both.

Defendant likewise believes that key issues in the case, including qualified immunity, Monell liability, and plaintiff's state claims may be resolved by a motion for summary judgment and anticipates filing the same.

4. **Discovery Plan:**

The parties intend to serve written discovery, including interrogatories, requests for admission, and requests for production of documents, and will depose witnesses and parties regarding Plaintiffs' claims and Defendants' defenses.

**Rule 26(f)(3)(A): Initial Disclosures**

The parties intend to exchange their Rule 26 initial disclosures on November 22, 2010, one week prior to the Scheduling Conference. The parties do not anticipate that any changes should be made to the form or requirement for disclosure.

**Rule 26(f)(3)(B): Subjects, Completion Date, and Phasing of Discovery**

The subjects of discovery include Plaintiff anticipates taking approximately 5-6 depositions. Defendants anticipate taking approximately 3-5 depositions. The parties anticipate they will complete non-expert discovery by May 20, 2011; and all expert discovery by August 5, 2011.

The parties do not believe discovery should proceed in phases.

**Rule 26(f)(3)(C): Electronic Discovery**

To the extent electronic records are subject to discovery and their production is not unduly burdensome or oppressive, the parties intend to produce electronic records as TIFF or PDF images.

**Rule 26(f)(3)(D): Claims of Privilege**:

The parties anticipate that defendants will claim privileges as to investigation results of the subject incident.   The parties do not anticipate claims of privilege as to Rule 26(f)(3)(E): Changes to Limitations on Discovery.  At this juncture, the parties do not believe that any modifications to the discovery limits set forth in the Federal Rules of Civil Procedure are warranted, but will meet and confer in good faith regarding any modifications to those limits, as necessary or appropriate.  Defendants may claim privilege as to deputies' personnel files.


**Rule 26(f)(3)(F): Other Orders the Court Should Enter**

Other than the discovery timeline set forth below, the parties do not currently seek the entry of any other order.

Scheduling: The parties stipulate to the following proposed dates:

| | |
|---|---|
| Trial: | October 18, 2011 |
| Pre-Trial Conference: | October 6, 2011 |
| Dispositive Motion Hearing Cut-off: | August 9, 2011 |
| Expert Discovery Motion Cut-off: | August 26, 2011 |
| Expert Discovery Cut-off: | August 5, 2011 |
| Supp. Expert Discovery Cut-off: | July 5, 2011 |
| Expert Disclosure Date: | June 20, 2011 |
| Discovery Motion Hearing Cut-off: | July 11, 2011 |
| Non-Expert Discovery Cut-off: | May 20, 2011 |

1    **Settlement discussions and the parties' views as to an appropriate plan**

2    **for maximizing settlement prospects**:

3       The parties have not had any settlement discussions to date.  The parties

4    agree to Settlement Procedure No. 1 under Local Rule 16-15 and agree to appear

5    before the District Judge or Magistrate Judge assigned to the case for such

6    settlement proceedings as the judge may conduct or direct.

7       Private Mediation, if any, to be completed by June 17, 2011.

8

9    **Consent to Magistrate Judge:**

10      Plaintiff does not consent to proceeding before a Magistrate Judge for all

11    purposes.  Defendants do not consent to proceeding before a Magistrate Judge for

12    all purposes.

13      **Anticipated Estimate for trial:**

14      The parties anticipate the length of trial to be 5-7 days.

15      **Disclosure of non-Party interested entities or persons**:

16      Plaintiffs' Certification-Plaintiff filed her Certification of Interested Entities

17    or Persons on or about September 3, 2010.  Plaintiffs restate that the following

18    entities have either (i) a financial interest in the subject matter in controversy or in

19    a party to the proceeding; or (ii) any other kind of interest that could be

20    substantially affected by the outcome of the proceeding:

21      Qiana Marshall

22      County of Los Angeles (and individual deputies to be added)

23      Defendants' Certification: Defendants filed their Certification of Interested

24    Entities or Persons on September 29, 2010.  Defendants restate that the following

25    entitles have either (i) a financial interest in the subject matter in controversy or in

26    a party to the proceeding; or (ii) any other kind of interest that could be

27    substantially affected by the outcome of the proceeding:  County of Los Angeles.

28

1    **Whether the case is complex** or requires reference to the procedures set

2    forth in the Manual on Complex Litigation;   The parties agree that this case is not

3    complex.

4

5    (8) any unusual legal issues presented by the case: None anticipated

6

7    (9) Proposals re severance, bifurcation or order of proof: None requested by

8    plaintiff.

9    DATED:      October 21, 2010              CASSELMAN LAW OFFICE

10                                  By:   /S/
                                          _____
11                                        GARY S. CASSELMAN
                                          Attorney for Plaintiff

12   DATED:      October 21, 2010              OFFICE OF LOS ANGELES
                                              COUNTY COUNSEL
13
                                      By:   /S/
14                                          _____
                                          GARY GROSS
15                                        Attorney for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28