1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Mariam Kaloustian, State Bar No. 236702
   E-Mail: mkaloustian@hurrellcantrall.com
3  HURRELL CANTRALL LLP
   700 South Flower Street, Suite 900
4  Los Angeles, California 90017-4121
   Telephone: (213) 426-2000
5  Facsimile: (213) 426-2020

6  Attorneys for GEOFFREY ELLIOTT

7

8                    UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 QIANA MARSHALL,                    CASE NO. CV10-6439 MMM (FMOx)

12              Plaintiff,            [Assigned to Judge Margaret M.
                                      Morrow – Courtroom "780"]
13      v.
                                      **DEFENDANT'S MEMORANDUM
14 COUNTY OF LOS ANGELES, AND         OF CONTENTIONS OF LAW AND
   DOES 1 through 10, inclusive,      FACT**
15
                                      Pre-Trial Conf.: **December 19, 2011**
16              Defendants.           Trial Date:      **January 10, 2012**

17

18      Defendant GEOFFREY ELLIOTT hereby submits the following

19 Memorandum of Contentions of Law and Fact pursuant to *Local Rule* 16-4.

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## MEMORANDUM OF CONTENTIONS OF LAW AND FACT

**I.   FACTUAL CONTENTIONS.**

   **A.   STATEMENT OF FACTUAL CONTENTIONS:**

On November 5, 2009, defendant GEOFFREY ELLIOTT, along with other officers from the Los Angeles County Sheriff's Department "LASD" and the California Department of Corrections and Rehabilitation "CDCR," went to plaintiff QIANA MARSHALL's apartment, at Apartment "6" of the 13526 Kornblum Avenue apartment complex, intending to conduct a lawful parole compliance search of parolee Donya Steen.  Unbeknownst to Detective ELLIOTT and the remaining officers, parolee Donya Steen was plaintiff's next door neighbor, residing in Apartment "6A."

On November 2, 2009, the LASD prepared an Operations Plan, the purpose of which was to conduct parole and probation compliance searches with CDCR, as a part of a larger investigation of residential burglaries committed by various factions of the Crip gang throughout the County of Los Angeles.  In preparation for the parole compliance search, Deputy Stephen Cabrera of LASD, who had limited access to retrieve information from the Parole Leads System, retrieved the Parolee Detail Record of Donya Steen from the Parole Leads System.  The Parolee Detail Record contained two different addresses for Donya Steen, one of which was 13526 Kornblum Avenue, Hawthorne, California, with no apartment number.  The Parolee Detail Record for Donya Steen was provided to Detective ELLIOTT, who was the assigned investigating officer for the parole compliance search of Donya Steen for purposes of the Operation.

Detective ELLIOTT's Investigation File also contained records from the Department of Motor Vehicles ("DMV").  The DMV records in Detective ELLIOTT's possession had inconsistent addresses for parolee Donya Steen.  Moreover, Detective ELLIOTT did not want to rely on any addresses obtained from the DMV because in his past experience, DMV addresses had not always been up to

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1   date and accurate.  Attempting to obtain the most accurate and recent address for

2   Donya Steen, Detective ELLIOTT telephoned Donya Steen's parole agent of record,

3   Monica Esqueda, to obtain Mr. Steen's address of record with parole.

4        Agent Esqueda claims that she told Detective ELLIOTT that Donya Steen's

5   address of record was Apartment "6A."  However, Detective ELLIOTT maintains

6   that Agent Esqueda advised that Donya Steen's apartment number was "6."

7   Detective ELLIOTT's understanding is substantiated by a crucial piece of evidence

8   in this case.  Specifically, Agent Esqueda testified at her deposition that when a

9   parolee wants to make an address change, the proper way of doing so is by

10  submitting the new address in a Parolee Monthly Report.  Moreover, Agent Esqueda

11  testified that the Parolee Monthly Report is relied upon by parole agents to obtain

12  the most up-to-date information, including the parolee's address. *The Parolee*

13  *Monthly Report prepared and submitted by Donya Steen just three days prior to this*

14  *incident*, on November 2, 2009, which Agent Esqueda testified was in front of her

15  and which she testified that she looked at when she had the telephone conversation

16  with Detective ELLIOTT, *reflects Mr. Steen's address as Apartment "6"* not *"6A."*

17       Because Detective ELLIOTT did not entertain any suspicions as to whether

18  he obtained the complete and accurate address for Donya Steen, he proceeded to

19  transfer the apartment number "6" to Deputy Stephen Cabrera, who then included

20  the apartment number in the Operations Plan.  The parole compliance search was

21  then conducted based on the information contained in the Operations Plan.

22       On November 5, 2009, shortly after 6:00 a.m., the LASD and CDCR officers

23  went to Apartment "6" of the 13526 Kornblum Avenue apartment complex to

24  conduct a parole compliance search of Donya Steen.  Sergeant John Bomben of the

25  LASD knocked on plaintiff's door and announced that they are from the LASD and

26  Parole.  Plaintiff opened the door and gave the officers permission to enter her

27  apartment.

28       Once plaintiff gave the officers permission to enter her apartment, Deputy

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4120
TELEPHONE (213) 426-2000

-3-

1    Brandon Painter and Deputy Gregg Yokoyama of the LASD conducted a quick

2    protective sweep of the rooms in plaintiff's apartment.  Sergeant Bomben, Parole

3    Agent Jesse Ochoa, and Parole Agent Alejandro Perez-Torres stayed in the living

4    room with plaintiff, and Detective ELLIOTT stayed at the threshold of the entry.

5    The officers did not at any time conduct a search of plaintiff's apartment.

6          Detective ELLIOT observed plaintiff in a long t-shirt, having a conversation

7    with Sergeant Bomben in her living room.  Plaintiff was standing and remained

8    standing for the entire duration of the officers' stay.

9          Within two to three minutes, the offices realized they were in the wrong

10   apartment and immediately exited plaintiff's apartment.  After exiting plaintiff's

11   apartment, the officers went next door to Donya Steen's apartment at Apartment

12   "6A."  Then, Detective ELLIOTT returned to plaintiff's apartment and explained

13   that they were from the Los Angeles County Sheriff's Department, were conducting

14   parole compliance checks and investigating residential burglary suspects, and that

15   they went to plaintiff's apartment because their records indicated that Donya Steen

16   resided at plaintiff's apartment.  Plaintiff expressed concern that she was living next

17   to a parolee.  Detective ELLIOTT asked plaintiff if she had any questions for him

18   and plaintiff stated that she did not.  Detective ELLIOTT left without further

19   incident.

20         Plaintiff claims to have suffered emotional injuries as a result of the incident.

21   The evidence will show that plaintiff in fact had a history of depression and anxiety,

22   for which she failed to seek treatment prior to the incident.  Though plaintiff began

23   to seek treatment following the incident, and attended therapy sessions with Linda

24   Rosetti, M.F.T., plaintiff did not follow her therapist's advice and instructions and

25   thus failed to take reasonable steps to mitigate any alleged damages or injuries she

26   claims to have suffered.

27   / / /

28   / / /

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

B.   **CLAIMS:**

    a.   **Claim 1 by Plaintiff QIANA MARSHALL:**

        (1)   Elements Required to Establish Plaintiff's Fourth Amendment Claim:

           (i)   Defendant's acts gave rise to a Fourth Amendment violation (Detective ELLIOTT did not have probable cause to believe Donya Steen resided at Apartment "6." *See United States v. Lopez*, 474 F.3d 1208, 1214 (9th Cir. 2007)); and

           (ii)   Plaintiff was injured as a result of defendant's conduct.

        (2)   Key Evidence in Opposition to Plaintiff's Fourth Amendment Claim:

           (i)   Donya Steen consented to searches of his person, residence, and property by any law enforcement officer as a condition of his parole;

           (ii)   The Parolee Detail Report did not have the complete address, complete with the apartment number, for Donya Steen;

           (iii)   Agent Monica Esqueda advised Detective ELLIOTT that Donya Steen's apartment number was Apartment "6";

           (iv)   The Parolee Monthly Report is the official way to notify Parole of a change of address;

           (v)   The Parolee Monthly Report prepared by Donya Steen three days prior to the incident, on November 2, 2009, reflects his apartment number as Apartment "6";

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 425-2000

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

(vi)   Agent Esqueda was looking at the Parolee Monthly Report of November 2, 2009 when she had the telephone conversation with Detective ELLIOTT prior to the incident;

(vii)  Had Agent Esqueda properly updated the address in the computer system, there would be no confusion about the correct apartment number;

(viii) Detective ELLIOTT relied upon the address provided to him by Agent Esqueda in concluding that Donya Steen resided at Apartment "6";

(ix)   Detective ELLIOTT's reliance on the apartment number provided to him by Agent Esqueda was reasonable;

(x)    Even though Donya Steen's DMV records were available to Detective ELLIOTT, Detective ELLIOTT did not note the DMV address as DMV addresses had proved to be inaccurate in the past;

(xi)   The DMV addresses in Detective ELLIOTT's possession were themselves inconsistent;

(xii)  Plaintiff did not suffer any injuries as a result of the incident;

(xiii) Plaintiff failed to mitigate any alleged damages;

(xiv)  Plaintiff's claimed damages are speculative and unsupported.

**C.   AFFIRMATIVE DEFENSES:**

a.   **First Affirmative Defense:**  Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 for Unlawful Search and Seizure under the Fourth Amendment.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

(1)  <u>Elements Required to Establish Defendant's Affirmative Defense</u>:  Plaintiff fails to establish that Detective ELLIOTT did not have probable cause to believe that Donya Steen resided at Apartment "6."

(2)  <u>Key Evidence in Support of Defendant's Affirmative Defense</u>:

(i)  Donya Steen consented to searches of his person, property, and residence by any law enforcement officer as a condition of his parole;

(ii)  The Parolee Detail Report did not have the complete address, complete with the apartment number, for Donya Steen;

(iii)  Agent Monica Esqueda advised Detective ELLIOTT that Donya Steen's apartment number was Number "6";

(iv)  The Parolee Monthly Report is the official way to notify parole of a change of address;

(v)  The Parolee Monthly Report prepared by Donya Steen three days prior to the incident, on November 2, 2009, reflects his apartment number as Apartment "6";

(vi)  Agent Esqueda was looking at the Parolee Monthly Report of November 2, 2009 when she had her telephone conversation with Detective ELLIOTT prior to the incident;

(vii)  Had Agent Esqueda properly updated the address in the computer system, there would be no confusion about the correct apartment number;

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

(viii)  Detective ELLIOTT relied upon the address provided to him by Agent Esqueda in concluding that Donya Steen resided at Apartment "6";

(ix)  Detective ELLIOTT's reliance on the apartment number provided to him by Agent Esqueda was reasonable;

(x)  Even though Donya Steen's DMV records were available to Detective ELLIOTT, Detective ELLIOTT did not note the DMV address as DMV addresses had proved to be inaccurate in the past;

(xi)  Even the DMV addresses in Detective ELLIOTT's possession were themselves inconsistent;

(xii)  Plaintiff did not suffer any injuries as a result of the incident;

(xiii)  Plaintiff failed to mitigate any alleged injuries she claims to have suffered as a result of the incident;

(xiv)  Plaintiff's claimed damages are speculative and unsupported.

b.  **Second Affirmative Defense:** Detective ELLIOTT is entitled to qualified immunity.

(1)  Elements Required to Establish Defendant's Affirmative Defense:

(i)  Donya Steen had consented to searches as a condition of his parole;

(ii)  Detective ELLIOTT had probable cause to believe Donya Steen resided at Apartment "6."

(2)  Key Evidence in Support of Defendant's Affirmative Defense:

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

(i)    Donya Steen consented to searches of his person, property, and residence by any law enforcement officer as a condition of his parole;

(ii)    The Parolee Detail Report did not have the complete address, complete with the apartment number, for Donya Steen;

(iii)    Agent Monica Esqueda advised Detective ELLIOTT that Donya Steen's apartment number was Number "6";

(iv)    The Parolee Monthly Report is the official way to notify parole of a change of address;

(v)    The Parolee Monthly Report prepared by Donya Steen three days prior to the incident, on November 2, 2009, reflects his apartment number as Apartment "6";

(vi)    Agent Esqueda was looking at the Parolee Monthly Report of November 2, 2009 when she had the telephone conversation with Detective ELLIOTT prior to the incident;

(vii)    Had Agent Esqueda properly updated the address in the computer system, there would be no confusion about the correct apartment number;

(viii)    Detective ELLIOTT relied upon the address provided to him by Agent Esqueda in concluding that Donya Steen resided at Apartment "6";

(ix)    Detective ELLIOTT's reliance on the apartment number provided to him by Agent Esqueda was reasonable;

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

(x)    Even though Donya Steen's DMV records were available to Detective ELLIOTT, Detective ELLIOTT did not note the DMV address as DMV addresses had proved to be inaccurate in the past;

(xi)    The DMV records in Detective ELLIOTT's possession themselves had inconsistent addresses for Donya Steen;

(xii)    Plaintiff did not suffer any injuries as a result of the incident;

(xiii)    Plaintiff failed to mitigate any alleged injuries she claims to have suffered;

(xiv)    Plaintiff's claimed damages are speculative and unsupported.

c.    **Third Affirmative Defense:**  Parole Agent Monica Esqueda's Negligence was the Proximate Cause of Any Alleged Injury Suffered by Plaintiff.

(1)    Elements Required to Establish Defendant's Affirmative Defense:

(i)    Agent Monica Esqueda was negligent;

(ii)    Plaintiff was harmed; and

(iii)    Agent Monica Esqueda's negligence was the proximate cause of plaintiff's harm.

(2)    Key Evidence in Support of Defendant's Affirmative Defense:

(i)    Parole Agent Monica Esqueda did not appropriately update the computer file to reflect Donya Steen's apartment number;

(ii)    Parole Agent Monica Esqueda mistakenly informed

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1    Detective ELLIOTT that Donya Steen resided at

2    Apartment "6";

3    (iii)   Detective ELLIOTT relied on Parole Agent Monica

4    Esqueda's representation that Donya Steen resided

5    at Apartment "6."

6    **d.**    **Fourth Affirmative Defense:**  Plaintiff has failed to take

7    reasonable steps to mitigate damages.

8    (1)    Elements Required to Establish Defendant's Affirmative

9    Defense:

10    (i)    Plaintiff had a duty to mitigate damages;

11    (ii)   Plaintiff did not follow her therapist's

12    recommendations to help mitigate her alleged

13    emotional injuries or damages.

14    (2)    Key Evidence in Support of Defendant's Affirmative

15    Defense:

16    (i)    Testimony of plaintiff's therapist Linda Rosetti,

17    M.F.T. regarding her instructions to plaintiff to help

18    her progress to a better mental and emotional state;

19    (ii)   Testimony of plaintiff's therapist that plaintiff did

20    not follow her instructions but acted against her

21    therapist's instructions.

22    (iii)   Testimony of plaintiff that she did not follow her

23    therapist's instructions.

24    (iv)   Testimony of defense expert Dr. Michael Mekjian

25    regarding plaintiff's injuries and damages.

26    / / /

27    / / /

28    / / /

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## II.    LEGAL BRIEF.

### A.    ISSUES OF LAW:

#### a.    Plaintiff Cannot Maintain her Fourth Amendment Claim.

##### (1)    Defendant Had Probable Cause to Believe Donya Steen Resided at Apartment "6."

Police officers may search the home of a parolee "without a warrant" and without "running afoul the Fourth Amendment" so long as "the officers have probable cause to believe that they are at the address where the parolee resides." *Sanchez v. Canales*, 574 F.3d 1169, 1174 (9th Cir. 2009); *see also United States v. Lopez*, 474 F.3d 1208 (9th Cir. 2007) (suspicionless searches of a parolee's person or residence do not offend the Fourth Amendment if a parolee has consented to searches as a condition of his parole).  Probable cause requires 'that the facts available to the officer would warrant a man of reasonable caution in the belief' that the parolee resided at the residence searched.  *United States v. Franklin*, 603 F.3d 652, 656 (9th Cir. 2010).  Importantly, where a law enforcement officer's observations support a reasonable belief that a parolee resides at a particular address, this provides a reasonable basis for a parole search.  *Motley v. Parks*, 432 F.3d 1072, 1078-79 (9th Cir. 2005).

Here it is uncontested that parolee Donya Steen's conditions of parole allowed for suspicionless searches of his person, property, and residence by any law enforcement officer.  The only issue to be determined by the jury is whether Detective ELLIOTT had probable cause to believe Donya Steen resided at Apartment "6."  Detective ELLIOTT had probable cause to believe Donya Steen resided at Apartment "6" as Mr. Steen's parole agent of record, Monica Esqueda, advised as much just days prior to the incident.  Moreover, plaintiff's apartment complex had only one other apartment number with a letter character in the apartment title, thus it was reasonable for Detective ELLIOTT to not entertain any suspicion of a possible missing character.

-12-

In *Cuevas v. De Roco,* 531 F.3d 726 (9th Cir. Cal. 2008), the Court refused to find probable cause stating that if the deputies had made an effort to determine whether the parolee had provided the authorities a different address, the deputies would have learned from the August 2003 parole form that the parolee's last known address was the Ridgeview Manor in Placerville. *Id.* at 732.  Unlike the case in *Cuevas*, here, if Detective ELLIOTT had conducted further investigation to determine the last address provided to the authorities by parolee Donya Steen in his Parolee Monthly Report, he would have discovered that just three days prior to the incident, Donya Steen provided his address in the Parolee Monthly Report to be Apartment "6" not "6A."  According to Agent Esqueda, the Parolee Monthly Report is the official form for providing changes of address to parole officers.  As such, the official go-to document to determine Mr. Steen's address would have in fact confirmed Detective ELLIOTT's understanding that Mr. Steen resided in Apartment "6."  Accordingly, Detective ELLIOTT had probable cause to believe that Mr. Steen resided at Apartment "6" and plaintiff's Fourth Amendment claim against him must fail.

          (2)    **Defendant's Investigation was at Worst Negligent and Negligence does not Give Rise to a Fourth Amendment Violation.**

Negligent acts do not incur constitutional liability. *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002).  In fact, the United States Supreme Court has held negligent police miscommunications in the course of acquiring a warrant do not provide a basis to rescind a warrant and render a search or arrest invalid. *Herring v. United States*, 555 U.S. 135, 145 (2009).  The Ninth Circuit has also explained that an officer may fail to exercise "reasonable care" as a matter of tort law, yet still be a constitutionally "reasonable" officer. *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002); *also see Yendes v. McCulloch*, 2010 U.S. Dist. LEXIS 86443 (S.D. Cal. 2010) (to the extent plaintiffs contend that the investigation was negligently

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1   conducted, this is not sufficient to state a claim for a constitutional violation),

2   *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009)(omissions or

3   misstatements resulting from negligence or good faith mistakes will not invalidate

4   an affidavit which on its face establishes probable cause).

5        Here, Detective ELLIOTT maintains that he took appropriate action to

6   determine Mr. Steen's address and was in fact provided with the wrong apartment

7   number by Agent Esqueda.  However, even if Agent Esqueda did provide the

8   correct apartment number, any miscommunication regarding a single letter would

9   have been a negligent miscommunication, which could not and should not give rise

10  to constitutional liability.  As well, Detective ELLIOTT's decision to trust the

11  information he earnestly believed was accurate and appropriate, and decision not to

12  conduct further investigation was reasonable, and at the very worst negligent.  Either

13  way, it should not give rise to constitutional liability and plaintiff's Section 1983

14  claim for Fourth Amendment violations should fail.

15                (3)     **Defendant is Entitled to Qualified Immunity.**

16       The protection of qualified immunity applies regardless of whether the

17  government official's error is a mistake of law, a mistake of fact, or a mistake based

18  on mixed questions of law and fact.  *Pearson v. Callahan*, 555 U.S. 223, 231 (U.S.

19  2009)(emphasis added).  Importantly, ***even law enforcement officials who***

20  ***"reasonably but mistakenly conclude that probable cause is present" are entitled***

21  ***to immunity***.  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)(emphasis added).  The

22  qualified immunity standard ***"gives ample room for mistaken judgments"*** by

23  ***protecting "all but the plainly incompetent or those who knowingly violate the***

24  ***law."***  *Id.* at 229 (citations omitted).  The questions is whether a reasonable officer

25  *could have* believed probable cause existed. *Id.* at 227.  The question to ask is

26  whether the officer acted reasonably under settled law in the circumstances, *not*

27  whether another reasonable, or more reasonable, interpretation of the events can be

28  constructed after the fact.  *Id.* at 228.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-14-

Here, Detective ELLIOTT's decision to trust the information obtained by Agent Esqueda and not conduct further investigation was reasonable.  Although his conclusion that Mr. Steen resided at Apartment "6," may have been mistaken, and even if his judgment and decision not to pursue further investigation was mistaken, qualified immunity provides ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. *See Hunter*, *supra*, 502 U.S. at 229; *also see Maryland v. Garrison*, 480 U.S. 79, 87 (1987)(the law allows some latitude for honest mistakes).  Any mistake on Detective ELLIOTT's part would have been the result of a simple, honest, and reasonable mistake, which deserves a finding of qualified immunity under the law.  Detective ELLIOTT was not plainly incompetent and took the appropriate steps to verify Mr. Steen's address.  It is also uncontested that he did not knowingly violate the law.  Accordingly, his actions are deserving of qualified immunity.

**B.    EVIDENTIARY ISSUES:**

    **a.    Defendants Intend to Submit the Following Evidentiary Motions.**

        (1)    To exclude other instances of conduct involving defendant GEOFFREY ELLIOTT.  Specifically, defendant has filed a Motion in Limine to preclude discussion and evidence of incidents involving defendant and former defendants which are the subject of Watch Commander Service Comment Reports, produced to plaintiff throughout the course of discovery.

**III.    BIFURCATION OF ISSUES.**

*Federal Rules of Civil Procedure*, Rule 42(b) states that a court may order a separate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or the expedite and economize" the case.  Fed.R.Civ.P. 42(b).

Here, defendant requests a bifurcation of plaintiff's request for punitive

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1  damages.  In particular, bifurcation will avoid prejudice to defendant from

2  introduction of his net worth and reference to large punitive damage claims.  *See*

3  *Jimenez v. Reno*, 2007 U.S. Dist. LEXIS 39598 (C.D. Cal. 2007).  Bifurcation will

4  also promote convenience and efficiency as this claim will not have to be presented

5  if defendants prevail.  *See Figueroa v. Gates*, 207 F.Supp.2d 1085, 1102 (C.D. Cal.

6  2002) (bifurcation of punitive damages claim in civil rights case).  Bifurcation will

7  also simplify the issues in this case.  Thus, defendant urges this Court to grant his

8  request for bifurcation of punitive damages.

9  **IV.   JURY TRIAL.**

10      All issues applicable to defendant are triable to a jury, and a Demand for Jury

11  Trial was timely filed by defendants, and by plaintiff.  Defendant hereby reiterates

12  his demand for a jury trial in this matter.

13  **V.   ATTORNEY'S FEES.**

14      Defendant requests an award of attorney's fees if they prevail at trial, and if

15  the Court finds that plaintiff's claims against him were frivolous, unreasonable, or

16  without foundation.  In *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978),

17  the Supreme Court set the standard for an award of attorney's fees to a prevailing

18  civil rights defendant.  "[A] district court may in its discretion award attorney's fees

19  to a prevailing defendant in a [civil rights] case upon a finding that the plaintiff's

20  action was frivolous, unreasonable, or without foundation, even though not brought

21  in bad faith."  *Id.* at 421.  After an analysis of the background of attorney's fees in

22  civil actions, the Court reasoned that "[i]f anything can be gleaned from these

23  fragments of legislative history, it is that while Congress wanted to clear the way for

24  suits to be brought under the [Civil Rights] Act, it also wanted to protect defendants

25  from burdensome litigation having no legal or factual basis."  *Id.* at 420.

26  Additionally, Courts in the Central District of the Ninth Circuit have found that

27  attorney's fees were warranted for a prevailing defendant in a civil rights suit when

28  the defects of the plaintiff's suit were of such magnitude that the plaintiff's ultimate

failure was clearly apparent. *Goldrich, Kest & Stern v. City of San Fernando*, 617 F.Supp. 557 (C.D. Cal. 1985).

## VI.   **ABANDONMENT OF ISSUES.**

None by defendant GEOFFREY ELLIOTT.


DATED: December   , 2011     HURRELL CANTRALL LLP


By:                          
THOMAS C. HURRELL
MARIAM KALOUSTIAN
Attorneys for GEOFFREY ELLIOTT,

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 700 South Flower Street, Suite 900, Los Angeles, California 90017-4121.

On December 12, 2011, I served true copies of the following document(s) described as **DEFENDANT'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address tcana@hurrellcantrall.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 12, 2011, at Los Angeles, California.

Theresa T. Cana

-18-

# SERVICE LIST
## Qiana Marshall v. County of Los Angeles, et al.
## Case No. CV10-6439 MMM (FMOx)

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | Gary S. Casselman, Esq. |
| 4 | Danielle Casselman, Esq. LAW OFFICES OF GARY S. CASSELMAN |
| 5 | 3415 S. Sepulveda Blvd. Suite 100 |
| 6 | Los Angeles, CA 90034 Telephone: (310) 314-4444 |
| 7 | Fax: (310) 314-4447 |

*Attorneys for Plaintiff*

Gary S. Casselman, Esq.
Danielle Casselman, Esq.
LAW OFFICES OF
GARY S. CASSELMAN
3415 S. Sepulveda Blvd.
Suite 100
Los Angeles, CA 90034
Telephone: (310) 314-4444
Fax: (310) 314-4447

Susan E. Coleman, Esq.
BURKE, WILLIAMS &
SORENSEN, LLP
444 S. Flower Street
Suite 2400
Los Angeles, CA 90071-2953
Telephone: (213) 236-0600
Fax: (213) 236-2700

*Attorneys for Defendants*
*A. PEREZ-TORRES*
*(DOE 8) AND J. OCHOA*
*(DOE 10)*

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-19-