Gary S. Casselman, State Bar No. 81658
Danielle L, Casselman, State Bar No. 170622
LAW OFFICES OF GARY S. CASSELMAN
3415 S. Sepulveda Blvd., Suite 100
Los Angeles, California 90034
Telephone:  (310) 314-4444
Facsimile:  (310) 314-4447
Email:  garyscasselman@gmail.com

Attorneys for plaintiff QIANA MARSHALL

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Mariam Kaloustian, State Bar No. 236702
E-Mail: mkaloustian@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for defendant GEOFFREY ELLIOTT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| QIANA MARSHALL,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, AND DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. CV10-6439 MMM (FMOx)<br><br>[Assigned to Judge Margaret M. Morrow – Courtroom "780"]<br><br>**JOINT [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Pretrial Conf.: **December 19, 2011**<br>Trial Date:     **January 10, 2012** |

Following pretrial proceedings, pursuant to Rule 16 of the *Federal Rules of Civil Procedure* and *Local Rule* 16, IT IS ORDERED:

**1.   THE PARTIES ARE AS FOLLOWS:**

The plaintiff is QIANA MARSHALL, represented by Gary S. Casselman and Danielle L. Casselman of the Law Offices of Gary S. Casselman.

The defendant is GEOFFREY ELLIOTT, represented by Thomas C. Hurrell

and Mariam Kaloustian of Hurrell Cantrall LLP.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

1) Plaintiff's First Amended Complaint, filed July 25, 2011;

2) Defendants' Notice of Motion and Motion to Dismiss Plaintiff's First Amended Complaint, filed on August 10, 2011;

3) Notice of Motion and Motion for Summary Judgment or, in the Alternative, Summary Adjudication by defendants County of Los Angeles, Geoffrey Elliott, John Bomben, Michael Marino, Brandon Painter, Alexander Vaziri, and Gregg Yokoyama, filed on November 4, 2011;

4) Notice of Motion and Motion for Summary Judgment by defendants J. Ochoa, Perez-Torres, and A. Valenzuela, filed on November 7, 2011

5) Order by the Court granting Motion to Dismiss and finding as moot Motion to Strike, entered on November 15, 2011;

6) Answer to Plaintiff's First Amended Complaint, by defendants County of Los Angeles, Geoffrey Elliott, John Bomben, Michael Marino, Brandon Painter, Alexander Vaziri, and Gregg Yokoyama, filed on November 30, 2011; and

7) Order Granting in Part and Denying in Part Defendants' Motions for Summary Judgment, entered on December 9, 2011.

Plaintiff's First Cause of Action for unreasonable search in violation of the Fourth Amendment pursuant to 42 U.S.C.§1983, remains to be tried as to defendant GEOFFREY ELLIOTT.

Plaintiff objects to inclusion of Items 2, 3, 4, and 5 above.

///

-2-

2. **FEDERAL JURISDICTION AND VENUE INVOKED UPON THE GROUNDS:** Federal jurisdiction and venue are invoked upon the following grounds: The parties agree that the Court has original jurisdiction over plaintiff's First Cause of Action brought pursuant to 42 U.S.C.§1983, under 28 U.S.C.§1331 (federal question jurisdiction). The parties agree that the Central District of California is the proper venue since the events and circumstances on which the claims are based occurred in the Central District. 28 U.S.C.§1391(b)(2).

3. **TRIAL ESTIMATE:**

Counsel estimate trial will take two (2) to three (3) days.

4. **THE TRIAL IS TO BE A JURY TRIAL:** At least seven (7) court days prior to the trial date each party shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by *Local Rule* 51-1 and (b) any special questions requested to be asked on *voir dire*.

With that said, counsel are aware that the Court will advise as to the form of the jury instructions to be submitted, as well as the timing for submission, at the Final Pretrial Conference.

5. **THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF:**

1) The incident giving rise to this action occurred on November 5, 2009.
2) Detective GEOFFREY ELLIOTT was acting under color of state law at all times pertinent to this incident.
3) Detective GEOFFREY ELLIOTT was employed by the County of Los Angeles at all times pertinent to this incident.
4) Parole Agent Jesse Ochoa and Parole Agent Alejandro Perez-Torres are state parole agents and were employed by the State of California at the time of the incident.
5) Detective GEOFFREY ELLIOTT was the investigating officer for the parole compliance search of Donya Steen and his residence.

-3-

6) Donya Steen resided at 13526 Kornblum Avenue, Apartment "6A," Hawthorne, California 90250, at the time of the incident.

7) Plaintiff resided at 13526 Kornblum Avenue, Apartment "6," in Hawthorne, California 90250, at the time of the incident.

8) Apartments "6" and "6A" are next door to each other.

9) Donya Steen was a parolee at the time of the incident.

10) As part of his conditions of parole, Donya Steen had consented to having his person, "residence, and any property" under his "control" searched without a warrant by any law enforcement officer.

11) None of the officers touched plaintiff during the incident.

12) Plaintiff did not resist any officer during the subject incident.

## 6. THE FOLLOWING FACTS, THOUGH STIPULATED, SHALL BE WITHOUT PREJUDICE TO ANY EVIDENTIARY OBJECTION:

The parties stipulate to the authenticity of the medical records in this matter. The parties further stipulate to the authenticity of Donya Steen's parole file in this matter.

## 7. CLAIMS AND DEFENSES TO BE PRESENTED AT TRIAL:

This section of the Final Pretrial Conference Order is intended to finalize, in advance of trial, the claims and defenses to be presented at trial. In accordance with Fed.R.Civ.P. 16(c), parties will be precluded from presenting claims or defenses not set forth in this order, unless the order is modified to prevent manifest injustice. Only claims or defenses contained in the complaint and answer and any court authorized amendment or supplement may be included in this Final Pretrial Conference Order. If a party chooses to abandon a claim or defense previously alleged, it may do so by not including it in this order, and the failure to include any pleaded claim or defense will be deemed to affect such a waiver.

/ / /

/ / /

-4-

**PLAINTIFF**

a. **PLAINTIFF PLANS TO PURSUE THE FOLLOWING CLAIM AGAINST DEFENDANT GEOFFREY ELLIOTT:**

(1) 42 U.S.C.§1983: Violation of the Fourth Amendment for unlawful search and seizure without probable cause or any legal justification.

b. **THE ELEMENTS REQUIRED TO ESTABLISH THE PLAINTIFF'S CLAIM** (as will be supplemented by the final jury instructions to be read to the jury)**:**

(1) That defendant acted under color of law; and

(2) That defendant deprived plaintiff of one or more constitutional rights, namely the right to be free from unlawful searches and seizures.

c. **IN BRIEF, THE KEY EVIDENCE PLAINTIFF RELIES ON FOR THE CLAIM IS:**

(1) The testimony of plaintiff's witnesses as set forth in plaintiff's witness list;

(2) Plaintiff's exhibits as set forth in her Exhibit List.

**DEFENDANT:**

a. **DEFENDANT PLANS TO PURSUE THE FOLLOWING AFFIRMATIVE DEFENSES:**

(1) <u>First Affirmative Defense</u>: Plaintiff has failed to state a cause of action under 42 U.S.C.§1983 for Unlawful Search and Seizure under the Fourth Amendment.

(2) <u>Second Affirmative Defense</u>: Detective ELLIOTT is entitled to qualified immunity.

(3) <u>Third Affirmative Defense</u>: Any alleged injury suffered by plaintiff was caused by the negligence of Parole Agent Monica Esqueda.

(4) <u>Fourth Affirmative Defense</u>: Plaintiff failed to take reasonable

steps to mitigate damages.

b. **THE ELEMENTS REQUIRED TO ESTABLISH DEFENDANT'S AFFIRMATIVE DEFENSES ARE:**

(1) <u>Elements Required to Establish Defendant's Affirmative Defense of Failure to State a Claim Under 42 U.S.C. §1983 for Unlawful Search and Seizure under the Fourth Amendment</u>: Plaintiff fails to establish one or more of the following elements of the claim:

    (a) Defendant went to plaintiff's apartment to conduct a parole compliance search of Donya Steen without probable cause to believe that Donya Steen resided at plaintiff's apartment, Apartment "6."

(2) <u>Elements Required to Establish Defendant's Affirmative Defense of Qualified Immunity</u>:

    (a) Defendant did not deprive plaintiff of her Fourth Amendment rights; or

    (b) Defendant did not violate a clearly established constitutional right of plaintiff of which a reasonable officer would have known; or

    (c) A reasonable officer in defendant's position could have believed that he had probable cause to conclude that Donya Steen resided at Apartment "6."

(3) <u>Elements Required to Establish Defendant's Affirmative Defense that Any Alleged Injury Suffered by Plaintiff was Caused by the Negligence of Parole Agent Monica Esqueda</u>:

    (a) That Agent Monica Esqueda was negligent;

    (b) That plaintiff was harmed; and

    (c). That Agent Monica Esqueda's negligence was the proximate cause in causing plaintiff's harm.

  (4) <u>Elements Required to Establish Defendant's Affirmative Defense that Plaintiff Failed to Take Reasonable Steps to Mitigate Damages:</u>

    (a) Linda Rosetti, M.F.T. gave plaintiff advice and instructions to help improve her mental and emotional state;

    (b) Plaintiff failed to follow her therapist's advice and instructions.

 c. **IN BRIEF, THE KEY EVIDENCE DEFENDANT RELIES ON FOR EACH AFFIRMATIVE DEFENSE IS:**

  (1) <u>Key Evidence in Support of Defendant's First Affirmative Defense of Failure to State a Claim Under 42 U.S.C.§1983 for Unlawful Search Under the Fourth Amendment:</u>

    (i) Donya Steen consented to searches of his person, property, and residence by any law enforcement officer as a condition of his parole;

    (ii) The Parolee Detail Report did not have the complete address, complete with the apartment number, for Donya Steen;

    (iii) Agent Monica Esqueda failed to update Mr. Steen's address in the computer system to include the apartment number;

    (iv) Agent Monica Esqueda telephonically advised Detective ELLIOTT that Donya Steen's apartment number was Number "6";

    (v) The Parolee Monthly Report is the official way to notify Parole of a change of address;

    (vi) The Parolee Monthly Report prepared by Donya Steen three days prior to the incident, on November

-7-

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

      2, 2009, reflects his apartment number as Apartment "6";

(vii)  Agent Esqueda was looking at the Parolee Monthly Report of November 2, 2009 when she had her telephone conversation with Detective ELLIOTT prior to the incident;

(viii)  Had Agent Esqueda properly updated the address in the computer system, there would be no confusion about the correct apartment number;

(ix)  Detective ELLIOTT relied upon the address provided to him by Agent Esqueda in concluding that Donya Steen resided at Apartment "6";

(x)  Detective ELLIOTT's reliance on the apartment number provided to him by Agent Esqueda was reasonable;

(xi)  Even though Donya Steen's DMV records were available to Detective ELLIOTT, Detective ELLIOTT did not note the DMV address as DMV addresses had proved to be inaccurate in the past;

(xii)  Even the DMV addresses in Detective ELLIOTT's possession were themselves inconsistent;

(xiii)  Detective ELLIOTT believed that Donya Steen resided at Apartment "6";

(xiv)  Plaintiff did not suffer any injuries as a result of the incident;

(xv)  Plaintiff failed to mitigate any alleged injuries she claims to have suffered as a result of the incident;

(xvi)  Plaintiff's claimed damages are speculative and

-8-

unsupported.

(2) <u>Key Evidence in Support of Defendant's Second Affirmative Defense of Qualified Immunity</u>:

(i) Donya Steen consented to searches of his person, property, and residence by any law enforcement officer as a condition of his parole;

(ii) The Parolee Detail Report did not have the complete address, complete with the apartment number, for Donya Steen;

(iii) Agent Monica Esqueda failed to update Mr. Steen's address in the computer system to include the apartment number;

(iv) Agent Monica Esqueda telephonically advised Detective ELLIOTT that Donya Steen's apartment number was Number "6";

(v) The Parolee Monthly Report is the official way to notify parole of a change of address;

(vi) The Parolee Monthly Report prepared by Donya Steen three days prior to the incident, on November 2, 2009, reflects his apartment number as Apartment "6";

(vii) Agent Esqueda was looking at the Parolee Monthly Report of November 2, 2009 when she had the telephone conversation with Detective ELLIOTT prior to the incident;

(viii) Had Agent Esqueda properly updated the address in the computer system, there would be no confusion about the correct apartment number;

(ix) Detective ELLIOTT relied upon the address provided to him by Agent Esqueda in concluding that Donya Steen resided at Apartment "6";

(x) Detective ELLIOTT's reliance on the apartment number provided to him by Agent Esqueda was reasonable;

(xi) Even though Donya Steen's DMV records were available to Detective ELLIOTT, Detective ELLIOTT did not note the DMV address as DMV addresses had proved to be inaccurate in the past;

(xii) Even the DMV addresses in Detective ELLIOTT's possession were themselves inconsistent;

(xiii) Detective ELLIOTT believed that Donya Steen resided at Apartment "6";

(xiv) Plaintiff did not suffer any injuries as a result of the incident;

(xv) Plaintiff failed to mitigate any alleged injuries she claims to have suffered as a result of the incident;

(xvi) Plaintiff's claimed damages are speculative and unsupported.

(3) <u>Key Evidence in Support of Defendant's Third Affirmative Defense that Parole Agent Monica Esqueda's Negligence was the Proximate Cause of Any Alleged Injury Suffered by Plaintiff</u>:

(i) Parole Agent Monica Esqueda did not appropriately update the computer file to reflect Donya Steen's apartment number;

(ii) Parole Agent Monica Esqueda mistakenly informed Detective ELLIOTT that Donya Steen resided at

-10-

Apartment "6";

    (iii) Detective ELLIOTT relied on Parole Agent Monica Esqueda's representation that Donya Steen resided at Apartment "6."

 (4) <u>Key Evidence in Support of Defendant's Fourth Affirmative Defense that Plaintiff Failed to Take Reasonable Steps to Mitigate her Damages</u>:

    (i) Testimony of plaintiff's therapist Linda Rosetti, M.F.T. regarding her instructions to plaintiff to help her progress to a better mental and emotional state;

    (ii) Testimony of plaintiff's therapist that plaintiff did not follow her instructions but acted against her therapist's instructions.

    (iii) Testimony of plaintiff that she did not follow her therapist's instructions.

    (iv) Testimony of defense expert Dr. Michael Mekjian regarding plaintiff's injuries.

8. <u>**IN VIEW OF THE ADMITTED FACTS AND THE ELEMENTS REQUIRED TO ESTABLISH THE CLAIMS AND AFFIRMATIVE DEFENSES, THE FOLLOWING ISSUES REMAIN TO BE TRIED:**</u>

 (2) Whether defendant's acts gave rise to a Fourth Amendment violation;

 (3) Whether plaintiff was injured as a result of defendant's conduct: and

 (4) If plaintiff was injured, whether she failed to mitigate her damages.

9. <u>**ALL DISCOVERY IS COMPLETE.**</u>

/ / /

-11-

1  **10.   ALL DISCLOSURES UNDER FED.R.CIV.P. 26(a)(3) HAVE BEEN MADE:**

The joint exhibit list of the parties has been filed under separate covers as required by *Local Rule* 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial if the proper foundation is made, except those exhibits listed below:

**PLAINTIFF OBJECTS TO EXHIBIT NOS.:** 4.

**Exhibit 4** - Marian Prather is not a party to this action. The purported impeachment based on her deposition testimony that the officers left her apartment a mess is on a collateral matter which is likely to confuse the jury, consume undue amounts of time and is irrelevant to any issues in this case, as Ms. Prather did not observe the officers actions within plaintiff's apartment.

**DEFENDANT OBJECTS TO EXHIBIT NOS.:** 8 and 13.

**Exhibit 8** – Plaintiff's pharmacy records are not relevant to the issues in this case as even plaintiff's treating therapist has testified that several months after the incident, plaintiff's therapy was limited to her underlying anxiety which plaintiff had prior to the incident, and was thus not related to this incident. Moreover, these records lack foundation.

**Exhibit 13** – The portions of the County of Los Angeles' Manual of Policies and Procedures are not relevant to the issue of liability in this case. First, the portions sought to be admitted do not speak to investigation of addresses. Moreover, whether Detective ELLIOTT was in violation of any internal policy or not is irrelevant to the determination of whether there was a constitutional violation. As well, any probative value in admitting the selected portions of the Manual of Policies and Procedures is substantially outweighed by undue prejudice, risk of jury confusion, and waste of time.

/ / /

/ / /

**11. WITNESS LISTS OF THE PARTIES HAVE BEEN FILED WITH THE COURT.**

Only witnesses identified in the lists will be permitted to testify (other than solely for impeachment).  Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with Local Rule 16-2.7.  At this time, the parties do not anticipate using any depositions for direct testimony at trial, but reserve the right to use deposition testimony for purposes of impeachment.

**12. THE FOLLOWING LAW AND MOTION MATTERS AND MOTIONS IN LIMINE, AND NO OTHERS, ARE PENDING OR CONTEMPLATED:**

    1.    Defendant's motion in limine to exclude other instances of conduct.

**13. BIFURCATION OF ISSUES FOR TRIAL:**

Defendant requests bifurcation on the issue of punitive damages.

**14. THE FOREGOING ADMISSIONS HAVING BEEN MADE BY THE PARTIES, AND THE PARTIES HAVING SPECIFIED THE FOREGOING ISSUES REMAINING TO BE LITIGATED, THIS FINAL PRETRIAL CONFERENCE ORDER SHALL SUPERSEDE THE PLEADINGS AND GOVERN THE COURSE OF THE TRIAL OF THIS CAUSE, UNLESS MODIFIED TO PREVENT MANIFEST INJUSTICE.**

DATED:_____      _____
                                                 HON. MARGARET M. MORROW
                                                 UNITED STATES DISTRICT JUDGE

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

**Approved as to form and content.**

DATED: December 12, 2011         LAW OFFICES OF GARY S. CASSELMAN


By:  /s/ Gary Casselman
GARY S. CASSELMAN
DANIELLE L. CASSELMAN
Attorneys for Plaintiff QIANA MARSHALL

DATED: December 12, 2011         HURRELL CANTRALL LLP


By:  /s/ Mariam Kaloustian
THOMAS C. HURRELL
MARIAM KALOUSTIAN
Attorneys for Defendant GEOFFREY ELLIOTT

-14-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28