1  GARY S. CASSELMAN, ESQ. (SBN 81658)
   Danielle Leichner Casselman, Esq. (SBN 170622)
2  **LAW OFFICES OF GARY S. CASSELMAN**
   3415 South Sepulveda Boulevard, Suite 100
3  Los Angeles, California 90034
   ☏ (310) 314-4444 Fax (310) 314-4447
4  email: garyscasselman@gmail.com

5  Attorneys for Plaintiff, QIANA MARSHALL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| QIANA MARSHALL, | ) | **CASE NO. CV-10-06439 TJH (FMOx)** |
|---|---|---|
| Plaintiff, | ) | PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS |
| v. | ) |  |
| COUNTY OF LOS ANGELES, DOES 1-10, inclusive | ) | Date: November 6, 2012<br>Time: 8:30 a.m.<br>Ctrm: 780<br>Filed: August 27, 2010 |
| Defendants. | ) | The Honorable Terry J. Hatter, Jr., Judge U.S. District Court, Central Dist. |
| _____ | ) |  |

Plaintiff hereby presents her proposed questions for the jury on *voir dire*.

DATED: October 15, 2012          Respectfully Submitted,

/s/   GARY S. CASSELMAN
GARY S. CASSELMAN
Attorney for Plaintiff

**PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

Qiana Marshall v. County of Los Angeles, et al.

**I. General Background**

1. In what community or neighborhood do you live?

2. Where else have you lived before that?

3. What is the highest level of education you have completed? If you have any degrees or licenses, please state what they are, and your major area of study.

**II. Employment**

1. What is your occupation, and who is your employer?

2. Have you, or anyone close, ever been employed by either the County of Los Angeles or the Los Angeles County Sheriff's Department or the California Department of Corrections and Rehabilitation?

**III. Law Enforcement Background**

1. Do you, or anyone close, have any type of civilian or military law enforcement training, experience or background including, but not limited to: police, sheriff, highway patrol, government investigator, jail or prison official, parole or probation officer, juvenile authority, FBI, U.S. Marshal, Secret Service, DEA, Attorney General, prosecutor, BATF, Homeland Security or any other agency, either civilian or military?

2. Do you, or anyone close, have any other knowledge, training or experience related to execution of parole compliance searches?

3. Do you watch crime shows on television such as COPS, America's Most Wanted, Law & Order, Dexter or other reality or fictional programs about law enforcement?

**IV. Law Enforcement Contact**

1. Have you ever had work, neighborhood, social or other contact with law

enforcement officers, agencies, or groups?

2. Have you ever had a significant negative experience with a law enforcement officer?

3. Have you ever had a significant positive experience with a law enforcement officer?

4. Have you had recent contact with a member of a law enforcement agency? If so, were you treated fairly by the officer?

**V. Crime Experiences**

1. Have you, or anyone close, ever been the victim of a crime?

2. Have you, or anyone close, ever called law enforcement to report a crime or for other services?

**VI. Legal System Contact**

1. Have you, or anyone close, ever studied or received any training in the law or a law-related field?

2. Do you know or work with any person connected to the court system, such as a prosecutor, private lawyer, judge, bailiff, clerk or court reporter?

3. Have you ever served on a jury before?

4. Do you watch legal shows on television about the legal system? Describe.

**VII. Lawsuit Experience**

1. Have you, or anyone close, ever sued or been sued by anyone, or ever been involved in a lawsuit?

2. Have you, or anyone close, ever considered suing someone but chose not to?

**VIII. Civil Rights Lawsuits**

1. What concerns do you have reviewing the actions of law enforcement, or sitting

3

in judgment of decisions made by a police officer or sheriff's deputy?

2. What concerns do you have about the right to sue sheriff's deputies for an unlawful entry to a home, a search, a detention?

3. Do you believe that a Los Angeles County Sheriff Deputy would not conduct an unlawful entry into a residence or an illegal seizure (detention)?

**IX. Parties**

1. Do you have any concerns about someone suing an individual law enforcement officer for his actions while on duty?

2. Do you have any concerns about someone suing a government entity such as the County of Los Angeles, for the actions of its law enforcement officers?

3. Do you feel that you cannot be fair to either Defendant Geoffrey Elliott because he is a Los Angeles County Sheriff's Deputy, or to Qiana Marshall, the plaintiff?

4. Is there anything about the Plaintiff, the County of Los Angeles, the Los Angeles County Sheriff's Department or their employee defendant Elliott which may affect your ability to fairly decide this case?

**X. Case Issues -- Law Enforcement Testimony**

1. Do you believe the testimony of a law enforcement officer is entitled to greater weight than the testimony of a civilian witness who is not a law enforcement officer?

2. Do you believe a law enforcement officer would not lie under oath?

**XI. Case Issues – Seizure-Related Experiences**

1. Have you ever witnessed the police enter into someone's home?

2. Have police ever entered your home or the home of someone you know? A neighbor's home?

3. Have you ever witness a detention?

4. Have you, or anyone close, ever been detained?

5. Have you ever been accused of not performing your job within the standards of your profession?

6. Have you, or anyone you know ever been on parole or probation?

**XII. Case Issues—Other Experiences**

1. Are you familiar with Hawthorne or more specifically Kornblum Avenue?

2. Have you or anyone close to you ever suffered an emotional or mental condition?

3. Do you have any knowledge, training or experience in psychology, psychiatry, nursing, finance, financial planning, bookkeeping, statistics or valuation? If yes: (a) Please describe, and (b) Would you be able to set your knowledge aside and judge psychological/psychiatric/medical or economic/cost issues only on the basis of the testimony in the case?

**XIII. Damages – Types**

1. Do you have a fixed amount in your mind for monetary damages above which you would not go, even if the evidence proved a higher amount?

2. Are you opposed to, or do you have any concerns about, awarding damages for emotional distress, depression, or mental suffering?

3. What are your concerns about awarding damages for emotional/mental conditions without physical injuries?

4. What are your concerns, if any, about awarding damages for violations of a person's civil rights?

**XIV. Damages – Nature of Defendants**

1. Are you opposed to, or do you have any concerns about, awarding damages against a law enforcement officer?

2. Are you opposed to, or do you have any concerns about, awarding damages against a governmental agency such as the County of Los Angeles or an employee

5

of the County?

**XV. Law & Legal System**

1. If you were involved in a civil lawsuit (not a criminal case), would you want the case decided by a judge instead of a jury?

2. Do you understand the different standards of proof in a civil case compared to a criminal case?

3. Who would require the plaintiff to prove her case beyond a reasonable doubt?

4. This is a civil case. Here, the plaintiff must prove her case only by a preponderance of the evidence, "more likely than not." How much proof would you need to find that a law enforcement officer violated a plaintiff's civil rights?

5. A jury receives instructions about the law from a judge. If you were a juror and disagreed with or disliked an instruction, would this personal feeling make you unable to follow the judge's instructions?

DATED: October 29, 2012                Respectfully Submitted,

/s/ Gary S. Casselman
Gary S. Casselman
Attorney for Plaintiff