1  GARY S. CASSELMAN, ESQ. (SBN 81658)
   DANIELLE L. CASSELMAN, ESQ., SBN 170622
2  **CASSELMAN LAW OFFICES**
   3415 South Sepulveda Boulevard, Suite 100
3  Los Angeles, California 90034
   ☎ (310) 314-4444  (Fax) (310) 314-4447
4  e-mail:  garyscasselman@gmail.com

5  Attorneys for Plaintiff, QIANA MARSHALL

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  QIANA MARSHALL, | CASE №. CV-10-06439 TJH (FMOx) |
| 12                Plaintiff, | PROPOSED JOINT JURY INSTRUCTIONS |
| 13  vs. | (O'Malley's *Federal Jury Practice and Instructions 5th Ed.*) |
| 14  COUNTY OF LOS ANGELES, AND DOES 1 through 10, inclusive, | Trial: January 8, 2013 |
| 15 | Time: 10:00 a.m. Ctrm: 17 |
| 16                Defendant. | |
| 17 | Action Filed: 8/27/2010 |
| 18 | The Honorable Terry J. Hatter, Jr. United States District Court Judge, Central Dist. |

19      To the Honorable Court:

20      The parties herein submit their Joint Agreed Jury Instructions, as follows:

21  Dated:  December 19, 2012      Respectfully Submitted,

22                                 LAW OFFICES OF GARY S. CASSELMAN

23                  BY      /s/ Gary S. Casselman
                            Gary S. Casselman
24                          Danielle Casselman
                            Attorneys for Plaintiff
25

26  Dated: December 19, 2012      HURRELL CANTRALL, LLP

27                  BY      /s/ Mariam Kaloustian, Esq.
                            Thomas Hurrell, Esq.
28                          Mariam Kaloustian, Esq.
                            Attorneys for Defendant

# INDEX

\* denotes Instructions selected by the Court pursuant to 10/31/12 Order (Docket 159)

| NUMBER | INSTRUCTION TITLE | MODIFIED? |
|---|---|---|
| 1 | § 101:02 Order of trial | yes |
| 2 | § 101:10 Province of judge and jury | |
| 3 | § 101:11 Jury conduct | |
| 4 | § 101:13 Juror use of electronic technology | |
| 5 | § 101:15 Notetaking — Permitted - | |
| 6 | § 101:18 Questions by jurors — Prohibited | |
| 7 | § 101:20 No transcript available to jury | |
| 8 | § 101:31 Bench conferences | |
| 9 | § 101:40 Evidence in the case | yes |
| 10 | § 101:41 Burden of proof | |
| 11 | § 101:43 Credibility of witnesses | |
| 12 | § 101:44 What is not evidence | |
| 13 | § 101:49 Ruling on objections | |
| 14 | § 102:01 Cautionary instruction before court recess | |
| 15 | §102.70 Court's Comments to Counsel * | |
| 16 | § 102.71 Objections and Rulings | |
| 17 | § 102.72 Court's Questions to Witnesses* | |
| 18 | § 103.01 General Introduction, Province of the Court and Jury* | |
| 19 | § 103.10 Instructions Apply to Each Party* | |
| 20 | § 103.11 All persons equal Before the law-Individuals* | |
| 21 | § 103.30 Evidence in the Case– Stipulations– Judicial Notice– Inferences Permitted* | |
| 22 | § 104.04 "If you find", or "if you decide"* | |
| 23 | § 104.05 Evidence–Direct–Indirect or Circumstantial* | |
| 24 | § 104.20 Inferences defined* | |
| 25 | § 104.40 Expert Witness* | |

| 26 | § 104.53 Oral Admissions– Viewed with Caution* | |
| 27 | § 104.54 Number of Witnesses* | |
| 28 | § 104.26 Failure to Produce Available Evidence* | |
| 29 | § 105.01 Credibility of Witnesses– Discrepancies in Testimony* | |
| 30 | § 105.02 Depositions–Use as evidence | |
| 31 | § 105.04 Impeachment–Inconsistent Statements of Conduct* | |
| 32 | § 105.09 Effect of Prior Inconsistent Statement or Conduct* | |
| 33 | § 105.11 All available Evidence need not be Produced* | |
| 34 | § 106.01 Verdict–Unanimous– Duty to Deliberate* | |
| 35 | § 106.02 Effect of Instructions as to Damages* | |
| 36 | § 106.04 Election of Foreperson– General Verdict* | |
| 37 | § 106.05 Special Verdict* | |
| 38 | § 106.07 Verdict Forms–Jury's Responsibility* | |
| 39 | § 106.08 Communications Between Court and Jury During Deliberations* | |
| 40 | § 128:02 Damages claimed for injury, pain, disability, loss of capacity for enjoyment of life | yes |
| 41 | § 128:03 Damages claimed for aggravation or activation of disease or defect | yes |
| 42 | §128.10 Damages claimed for medical expenses for care and treatment of plaintiff | yes |
| 43 | §128.60 Reasonable not speculative | yes |
| 44 | § 128.70 Damages must have been proximately caused | yes |
| 45 | § 165.10 Federal Civil Rights, Generally | yes |

3

**INSTRUCTION № 1**

**O'Malley's Federal Jury Practice and Instructions 5th Edition) (modified to reflect facts of the case)**

**§ 101:02 Order of trial**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of plaintiff's claim and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendant may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses. *If the defendant introduces evidence, the plaintiff may then present rebuttal evidence.*

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

4

**INSTRUCTION № 2**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 101:10 Province of judge and jury**


   After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts.   I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

   The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**INSTRUCTION № 3**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 101:11 Jury conduct**

To insure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case--you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6. Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7. Do not make up your mind during the trial about what the verdict should be.

Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

   8. If you need to tell me something, simply give a signed note to the clerk to give to me.

**INSTRUCTION № 4**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 101:13 Juror use of electronic technology:**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or organizations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end. I hope that for all of you this case is interesting and noteworthy. I know that many of you use cell phones, Blackberries, iPhones, the Internet and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube.

**INSTRUCTION № 5**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

**§ 101:15 Notetaking — Permitted - not modified**

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit note taking by jurors, a word of caution is in order. You must not allow your note taking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

**INSTRUCTION № 6**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 101:18 Questions by jurors — Prohibited**

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

**INSTRUCTION № 7**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

**§ 101:20 No transcript available to jury –**

   Unmodified

At the end of the trial, you will have to make your decision based on what you remember about the evidence. You will not have a written transcript to read, and it is difficult and time-consuming for the reporter to [read] [play] back testimony. I urge you to pay close attention to the testimony as it is presented at the trial.

**INSTRUCTION № 8**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

§ 101:31 Bench conferences

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

**INSTRUCTION № 9**

**(O'Malley's Federal Jury Practice and Instructions 5ᵗʰ Edition)**

Modified

**§ 101:40 Evidence in the case**

The evidence in the case will consist of the following:

    1. The sworn testimony of the witnesses, no matter who called a witness.

    2. All exhibits received in evidence, regardless of who may have produced the exhibits.

    3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**INSTRUCTION № 10**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 101:41 Burden of proof**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION № 11**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 101:43 Credibility of witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**INSTRUCTION № 12**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 101:44 What is not evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses

**INSTRUCTION № 13**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 101:49 Ruling on objections**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

**INSTRUCTION № 14**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 102:01 Cautionary instruction before court recess**

We are about to take our first recess [break]. I want to remind you of the instructions I gave earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial, including reports on the Internet. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you must keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

**INSTRUCTION № 15**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified


§ 102:70 Judge's comments to lawyer


It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

**INSTRUCTION № 16**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

102. 71 Objections and Rulings

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION № 17**

**(O'Malley's Federal Jury Practice and Instructions 5ᵗʰ Edition)**

Unmodified


§ 102:72 Judge's questions to witnesses


During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.


Remember at all times that you, as jurors, are the sole judges of the facts of this case.

**INSTRUCTION № 18**

**(O'Malley's Federal Jury Practice and Instructions 5ᵗʰ Edition)**

Unmodified

§ 103:01 General introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.]

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**INSTRUCTION № 19**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 103:10 Instructions apply to each party**

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

**INSTRUCTION № 20**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 103:11 All persons equal before the law — Individuals**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals

**INSTRUCTION № 21**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

§ 103:30 Evidence in the case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to [and all facts and events that may have been judicially noticed].

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

[I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, unless otherwise instructed you must accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.]

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**INSTRUCTION № 22**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 104:04 "If you find" or "if you decide"**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not

**INSTRUCTION № 23**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

§ 104:05 Direct and circumstantial evidence

Generally speaking, there are two types of evidence presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial

**INSTRUCTION № 24**

**O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

§ 104:20 Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**INSTRUCTION № 25**

**(O'Malley's Federal Jury Practice and Instructions 5ᵗʰ Edition)**

Unmodified

§ 104:40 Expert witness

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

**INSTRUCTION № 26**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 104:53 Oral statements or admissions**

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person alleged to have made the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case

**INSTRUCTION № 27**

**O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified


§ 104:54 Number of witnesses


The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.


You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.


The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy

**INSTRUCTION № 28**

**(O'Malley's Federal Jury Practice and Instructions 5ᵗʰ Edition)**

Unmodified

**§ 104:26 Failure to produce available evidence**

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

**INSTRUCTION № 29**

**(O'Malley's Federal Jury Practice and Instructions 5ᵗʰ Edition)**

Unmodified

§ 105:01 Discrepancies in testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

1    In addition, the weight of the evidence is not necessarily determined by the

2    number of witnesses testifying to the existence or nonexistence of any fact. You

3    may find that the testimony of a small number of witnesses as to any fact is

4    more credible than the testimony of a larger number of witnesses to the

5    contrary.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION № 30**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 105:02 Use of depositions as evidence**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath *[or on a videotape]*. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**INSTRUCTION № 31**

**O'Malley's Federal Jury Practice and Instructions 5ᵗʰ Edition)**

Unmodified

**§ 105:04 Impeachment — Inconsistent statement or conduct (falsus in uno falsus in omnibus)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**INSTRUCTION № 32**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 105:09 Effect of prior inconsistent statements or conduct**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**INSTRUCTION № 33**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

§ 105:11 All available witnesses or evidence need not be produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**INSTRUCTION № 34**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

§ 106:01 Verdict-Unanimous- duty to deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**INSTRUCTION № 35**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified


**§ 106:02 Effect of instruction as to damages**


The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**INSTRUCTION № 36**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**§ 106:04 Election of foreperson — General verdict**

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience. *[Read forms of verdict]*.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

**INSTRUCTION № 37**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

**106:05 Election of foreperson — Special verdict**

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

A special verdict form has been prepared for your convenience. You will take this form to the jury room. [Read special verdict form.]

[Each of the interrogatories or questions calls for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question. As you will note from the wording of the questions, it will not be necessary to consider or answer question (2) if your answer to question (1) is "No." Nor will it be necessary for you to consider or answer question (3), unless your answer to both questions (1) and (2) is "Yes."]

[If your answer to either questions (1) or (2) is "No," the foreperson will date and sign the special verdict, without answering question (3). On the other hand, if your answer to both questions (1) and (2) is "Yes," then you will answer question (3). The foreperson will then date and sign the special verdict as so completed; and you will then return with it to the courtroom.]

**INSTRUCTION № 38**

**(O'Malley's Federal Jury Practice and Instructions 5ᵗʰ Edition)**

Unmodified


**§ 106:07 Verdict forms — Jury's responsibility**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**INSTRUCTION № 39**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Unmodified

§ 106:08 Communications between court and jury during jury's deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to me-- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**INSTRUCTION № 40**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)** Modified
to omit reference to bodily injury and any resulting pain and suffering.

**§ 128:02 Damages claimed for injury, pain, disability, loss of capacity for
enjoyment of life**

If you find for plaintiff Qiana Marshall  you should compensate plaintiff for
any, mental disability, mental anguish and loss of capacity for the enjoyment of
life experienced in the past and that you find from the evidence that the plaintiff
is reasonably certain to suffer in the future from the injury in question. No
evidence of the value of such intangible things as mental or physical pain and
suffering has been or need be introduced.

In that respect it is not value you are trying to determine, but an amount that
will fairly compensate plaintiff Qiana Marshall  for the damages plaintiff has
suffered.  There is no exact standard for fixing the compensation to be awarded
on account of such elements of damage. Any such award should be fair and just
in the light of the evidence.

**INSTRUCTION № 41**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Modified

**§ 128:03 Damages claimed for aggravation or activation of disease or defect**

If you find for plaintiff Qiana Marshall , you should compensate plaintiff for any aggravation of an existing disease or physical defect [or activation of any such latent condition], resulting from such injury. If you find there was such an aggravation, you should determine, if you can, what portion of plaintiff Qiana Marshall's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said plaintiff Qiana Marshall's condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION № 42**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Modified to reflect the facts of the case

**§128.10 Damages claimed for medical expenses for psychologic/psychiatric care and treatment of plaintiff**

If your verdict is for plaintiff Qiana Marshall , it should include the reasonable *value [or] [expense]* of psychologic/psychiatric care and treatment necessarily or reasonably obtained by plaintiff  in the past *[and] [to be so obtained in the future]* .

48

**INSTRUCTION № 43**

**(O'Malley's Federal Jury Practice and Instructions 5ᵗʰ Edition)**

Modified

**§ 128.60  DAMAGES – REASONABLE NOT SPECULATIVE**

Damages must be reasonable. If you should find that plaintiff Qiana Marshall is entitled to a verdict, you may award plaintiff only such damages as will reasonably compensate plaintiff for such injury and damages as you find, from a preponderance of the evidence in the case, that plaintiff has sustained as a proximate result of the incident. You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.

1

**INSTRUCTION № 44**

2

3

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

4

Modified

5

**§128.70**

6

**Damages must Have Been Proximately Caused**

7

You are not to award damages for any injury or condition from which plaintiff

8

Qiana Marshall may have suffered, or may now be suffering, unless it has been

9

established by a preponderance of the evidence in the case that such injury or

10

condition was proximately caused by the incident in question.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION № 45-**

**(O'Malley's Federal Jury Practice and Instructions 5th Edition)**

Modified

§ 165.10 Federal Civil Rights, Generally

As a matter of law, under the Constitution of the United States, every person has the right to be secure in the person's home or dwelling against unreasonable searches. Section 1983, the federal civil rights statute under which plaintiff Qiana Marshall sues provides that a person may seek relief in this court by way of damages against any person or persons, who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.