GARY S. CASSELMAN, ESQ. (SBN 81658)
DANIELLE L. CASSELMAN, ESQ., SBN 170622
**CASSELMAN LAW OFFICES**
3415 South Sepulveda Boulevard, Suite 100
Los Angeles, California 90034
☏ (310) 314-4444  (Fax) (310) 314-4447
e-mail:  garyscasselman@gmail.com

Attorneys for Plaintiff, QIANA MARSHALL

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIANA MARSHALL,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, AND DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendant. | CASE №. CV-10-06439 TJH (FMOx)<br><br>PLAINTIFF'S MOTION IN LIMINE № 3 TO EXCLUDE HEARSAY STATEMENTS OR WRITINGS BASED THEREON RE THE [WRONG] ADDRESS TO BE SEARCHED ON THE DATE OF INCIDENT HEREIN<br><br>Trial:　January 22, 2013<br>PTC:　January 7, 2013<br>Time:　10:00 a.m.<br>Ctrm:　17<br><br>Action Filed: 8/27/2010<br>The Honorable Terry J. Hatter, Jr. United States District Court Judge, Central Dist. |

TO THE HONORABLE COURT:

Plaintiff Qiana Marshall moves *in limine* to preclude and testimony, comment, evidence or argument re the following:

1. The address written in the investigative file for parolee Donya Steen which defendant Elliott purportedly provided to Deputy Steven Cabrera which Cabrera wrote in/on the investigation file for the location to be searched.

2. Any statements made by Deputy Steven Cabrera of communication of the address to be searched on November 5, 2009 for parolee Donya Steen received directly or indirectly from defendant Elliott.

1  This motion is brought pursuant to FRE Rules 401, 403, 801, 802, 805, 807 and
2 cases thereunder regarding inadmissibility of multiple hearsay for truth of the matter
3 asserted. Counsel have complied with L.R. 7-3 prior to filing of the within motion.
4  An order excluding this evidence, testimony or argument is proper and will
5 avoid jury confusion and error of law.
6  This Motion is based upon this Notice, the attached memorandum of Points and
7 Authorities and all files and records in this matter, and upon such oral and
8 documentary evidence as may be presented at the time of hearing
9 DATED:    January 4, 2013    Respectfully Submitted,

LAW OFFICES OF GARY S. CASSELMAN

BY   /s/ Gary S. Casselman
GARY S. CASSELMAN
Attorneys for Plaintiff,
QIANA MARSHALL

## MEMORANDUM OF POINTS AND AUTHORITIES

This action arises from Sheriff deputies' unlawful entry and unlawful search of plaintiff's apartment. Defendants were allegedly conducting a parole search of a parolee, Donya Steen, who resided in the next apartment in the same building as plaintiff. Even though defendants were in possession of information concerning the parolee's correct address, obtained from his parole officer and from DMV records, defendants barged into plaintiff's apartment instead.

Plaintiff, a disabled female former postal worker living alone, was terrified by the deputies demanding entrance, then barging into her home without consent. Plaintiff fully complied, was unarmed and non-combative during this ordeal. She was forced at gun point to kneel down on the floor and was not allowed to retrieve a robe to cover her exposed genitals. Defendants searched her apartment beyond a protective sweep, opening cupboards, closets, drawers, removing objects and leaving her bedroom in disarray. Defendant Gregory Elliott was responsible for investigation of the proper address, thus all other defendants who relied upon his investigation of the address – and were given the wrong address by him – were therefore dismissed.

Plaintiff anticipates that defendant will adduce testimony, argument or evidence – from third party deputy Steven Cabrera – about what defendant Elliott was told and what Cabrera claims to have written down based on what defendant Elliott claims he was told by parole agent Monica Esqueda. She testified in deposition that she gave him a different address – the correct one. Defendant Elliott claims otherwise. What Elliott told a third party or what that third party, deputy Steven Cabrera, understood him to say and wrote down, is multiple hearsay.

Plaintiff moves to exclude any evidence, argument or testimony regarding what defendant Elliott purportedly told/communicated to deputy Cabrera or what Cabrera wrote on the investigative file *based on Elliott's statement to him of what parole agent Monica Esqueda had said*. The contents of the address provided by telephone to Elliott, purportedly repeated to Cabrera is classic hearsay and not supported by any

3

indicia of reliability. It was Elliott's assigned duty to get the correct address. Whether it was reasonable for defendant Elliott to get it wrong is the seminal liability issue in this case.

Cabrera's testimony or writings about what address Elliott communicated which he states, in turn, was based on what parole agent Monica Esqueda told him lacks any foundation and is classic multiple hearsay without any applicable exclusion.

Both Cabrera's testimony of what address Elliott purportedly told him and the related issue of what Cabrera wrote down, are both based on what Elliott claims parole agent Esqueda told him, would be offered for the truth and should be excluded. Defendant Elliott had an independent duty to investigate and ascertain the correct address before leading numerous armed Sheriff's deputies + two parole agents in a pre-dawn raid – to the wrong apartment.

## II. FEDERAL RULES OF EVIDENCE

### A. COURT DETERMINES ISSUES OF ADMISSIBILITY

Federal Rule of Evidence 104 gives the court discretion to decide issues of admissibility in the first instance, and it provides that the court is not bound by the other Rules of Evidence, except privilege, in making such determination.

### B. HEARSAY IS GENERALLY INADMISSIBLE; WITHOUT AN APPLICABLE EXCEPTION, IT IS NOT ALLOWED

Federal Rules of Evidence, Rule 802 states:

> Hearsay is not admissible unless any of the following provides otherwise:
> 
> a federal statute;
> 
> these rules; or
> 
> other rules prescribed by the Supreme Court.

As discussed herein, the matter(s) to be excluded does not come within any applicable

exception to the general rule of exclusion. Further, the subject of this motion is *multiple* hearsay. That is, what is to be excluded is the statement of a person (deputy Steven Cabrera) without personal knowledge of the correct address who was *told* by defendant deputy Gregory Elliott of an address *based* on *what Elliott says he was told* by another person, parole agent Monica Esqueda. Ms. Esqueda has given sworn deposition testimony that she did not give the plaintiff's address, but that of the parolee who lived next door. Elliott was tasked with obtaining the correct address for the parole search, did not, and caused other officers to barge into the wrong apartment. It is his unreasonable failure to correctly ascertain the proper apartment address that is at issue. Testimony of what another claims he was told and wrote down of what he was told is inadmissible multiple hearsay and should be excluded.

Over 100 reported cases have been found which support exclusion of the material identified by the motion. A few will be set forth of that group.

*In Bhatti v. Trustees of Boston University* 659 F.3d 64 (1st Cir. 2011) A Black employee's statements that her white coworkers "told" her they were paid for setup time were hearsay with respect to truth of matter asserted by coworkers, and thus statements could not be considered on motion for summary judgment in employee's action against university under Title VII and § 1981, which alleged that her supervisors at university dental health center subjected her to unpaid work hours because she was black.

In *Eng v. County of Los Angeles* 737 F.Supp.2d 1078 (C.D. Cal. 2010) Alleged statements made by county district attorney, former chief deputy district attorney, and former head deputy of employee relations relating to how to "get rid" of deputy district attorney from district attorney's office constituted multiple layers of hearsay, and thus those statements were not admissible in deputy district attorney's § 1983 action alleging First Amendment retaliation.

*Gunville v. Walker* 583 F.3d 979 (7th Cir. 2009) involves testimony by assistant to state personnel manager that she had been told by personnel manager that voter

5

1 records were pulled for certain personnel decisions. Found to be inadmissible
2 hearsay, it could not be considered, in officials' motion for summary judgment, in
3 action brought by former state employees, alleging that their terminations were
4 motivated by their political affiliation in violation of their First Amendment rights;
5 assistant claimed to know that voting records were accessed and used because
6 manager told her so, and employees sought to use the manager's out-of-court
7 statement to prove that voter records were used to make termination decisions.

8       The foregoing cases implement what is hornbook law, that repetition of what
9 someone else said that they were told by a third person is inadmissible when offered
10 for the truth of the matter asserted. Additionally, whether the person purportedly
11 repeating what he was told did so accurately – especially when the accuracy of the
12 information is key – further mandates its exclusion.

13       The children's game of "telephone" demonstrates how easily information
14 becomes erroneous and garbled as it passes from one person to another. Thus, there
15 is also a foundation objection that Elliott accurately heard and repeated what parole
16 agent Esqueda told him. In such a critical inquiry, there is nothing added by inserted
17 a third party, deputy Cabrera, to state what he heard or thought he heard – twice
18 removed from the source. There is no indicia of reliability for the hearsay statement
19 and writing by deputy Cabrera. As discussed below, lacking the catch-all hearsay
20 exception of Federal Rules of Evidence, Rule 807, the evidence should be excluded.

21

22    **C.    HEARSAY WITHIN HEARSAY IS NOT ADMISSIBLE ABSENT**
23        **RELIABILITY SHOWN AT EACH LEVEL, WHICH IS NOT**
24        **SHOWN IN THE INSTANT CASE**

25    Federal Rules of Evidence, Rule 805 provides:
26       Hearsay within hearsay is not excluded by the rule against
27       hearsay if each part of the combined statements conforms
28       with an exception to the rule.

Rule 805 does not save the evidence to be excluded, as neither prong conforms to an exception to the hearsay rule.  What parole agent Monica Esqueda told defendant Elliott is itself hearsay, as it is offered for its truth.  Elliott lacked personal knowledge of the correct address, *i.e.* foundation to know if what he was told was true or not.  Then he claims to have repeated the address purportedly given to him to deputy Cabrera – who also lacks any personal knowledge or foundation as to its veracity, but purportedly wrote down what he was told on/in the investigative file for the subject parole search.  The information does not gain credence as it becomes more attenuated from its claimed source, Ms. Esqueda.  Nor does the statement have independent legal significance as would words spoken to create a contract, whether true or not.  Accordingly, lacking an applicable exception to both prongs (or either) the statement may not come in through deputy Cabrera or the address he purportedly transcribed based on what defendant Elliott related to him.  FRE 805 does not allow admission.

### D. THE HEARSAY EVIDENCE SOUGHT TO BE EXCLUDED IS NOT INHERENTLY RELIABLE

Federal Rules of Evidence, Rule 807 provides:

> a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803[1] or 804:

---

[1] FRE 803 exceptions are (1) Present Sense Impression.(2) Excited Utterance (3) Then-Existing Mental, Emotional, or Physical Condition (4) Statement Made for Medical Diagnosis or Treatment. (5) Recorded Recollection. (6) Records of a of a Regularly Conducted Activity.  (7) Absence of a Record of a Regularly Conducted Activity.  (8) Public Records.  (9) Public Records of Vital Statistics.  (10) Absence of a Public Record. (11) Records of Religious Organizations Concerning Personal or Family History.  (12) Certificates of Marriage, Baptism, and Similar Ceremonies. (13) Family Records. (14) Records of Documents That Affect an Interest in Property. (15) Statements in Documents That Affect an Interest in Property. (16) Statements in Ancient Documents. (17) Market Reports and Similar Commercial Publications.
(continued...)

     (1) the statement has equivalent circumstantial guarantees of trustworthiness;

     (2) it is offered as evidence of a material fact;

     (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

     (4) admitting it will best serve the purposes of these rules and the interests of justice.

    (b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

FRE 807 is referred to as the "residual exception" to the hearsay rule. It is to be used only in extraordinary circumstances where court is satisfied that evidence offers guarantees of trustworthiness and is material, probative and necessary in the interest of justice; circumstantial guarantees of trustworthiness are those that existed at time statement was made and do not include those that may be added by hindsight, and any evidence that corroborates truth of hearsay statement is not circumstantial guarantee of declarant's trustworthiness. *U.S. v. Tome*, 61 F.3d 1446 (10th Cir. (N.M.) 1995).

  In *U.S. v. Thevis*, 665 F.2d 616, rehearing denied 671 F.2d 1379, *certiorari denied* 102 S.Ct. 2300 (5th Cir.(Ga.) 1982) the court held that Congress intended

---

[1](...continued)
(18) Statements in Learned Treatises, Periodicals, or Pamphlets. (19) Reputation Concerning Personal or Family History. (20) Reputation Concerning Boundaries or General History. (21) Reputation Concerning Character. A reputation among a person's associates or in the community concerning the person's character. (22) Judgment of a Previous Conviction. (23) Judgments Involving Personal, Family, or General History, or a Boundary. (24) [Other Exceptions .] [Transferred to Rule 807.] Upon closer examination the foundation for any FRE 803 exception is lacking in the instant case. FRE 804 applies to statements made by unavailable declarants, which does not appear to be the case herein.

evidence to be admitted under the "other exceptions" provisions of former rule, pertaining to exceptions to the hearsay rule for statements made by a declarant who is now unavailable for trial, only if the reliability of the evidence equals or exceeds that of the other exceptions in this rule.

As discussed, *supra*, there is no circumstantial indicia of reliability that would support application of the residual exception under FRE Rule 807, thus the application of the hearsay rule should not be disturbed. Deputy Cabreras' purported verbal and/or written repetition – of what defendant Elliott claims to have told him that parole officer Monica Esqueda stated – should be excluded.

Accordingly, neither Cabreras (nor any other defense witness) should be allowed to repeat in verbal or written form what defendant Elliott claims parole agent Monica Esqueda told him. Both Elliott and Esqueda can give claimed first hand testimony based on personal knowledge.

## CONCLUSION

Plaintiff's motion *in limine* should be granted for all the foregoing reasons.

DATED: January 4, 2013

Respectfully Submitted,

/s/ Gary S. Casselman
GARY S. CASSELMAN
Attorney for Plaintiff