Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Mariam Kaloustian, State Bar No. 236702
E-Mail: mkaloustian@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for GEOFFREY ELLIOTT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| QIANA MARSHALL,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, AND DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV10-6439 TJH (FMOx)<br><br>[Assigned to Judge Terry J. Hatter, Jr. – Courtroom "17"]<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DISPUTED JURY INSTRUCTIONS**<br><br>Action Filed:  August 27, 2010<br>Final Pretr. Conf.:  January 7, 2013<br>Trial Date:     January 22, 2013 |

Defendant Detective GEOFFREY ELLIOTT makes the following objections to plaintiff's proposed non-agreed jury instructions in compliance with the Court's October 31, 2012 Order re: Jury Instructions.  Detective ELLIOTT does not object to plaintiff's proposed non-agreed instruction Nos. 6, 16, 18, and 19.

DATED: January 4, 2013          HURRELL CANTRALL LLP


By: _____
THOMAS C. HURRELL
MARIAM KALOUSTIAN
Attorneys for GEOFFREY ELLIOTT

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

# **TABLE OF CONTENTS**

| No. | Plaintiff's Disputed Instruction Number | Title | Source | Pg. |
|---|---|---|---|---|
| 1. | Special Instruction No. 1 | Fourth Amendment | 4th Amendment to the U.S. Constitution | 5 |
| 2. | Special Instruction No. 2 | Reasonableness of Any Seizure | *Franklin v. Foxworth,* 31 F.3d 873, 877 (9th Cir. 1994) | 8 |
| 3. | Special Instruction No. 3 | Seizure- Examples | *Benitez-Mendez v. Immigration and Nationalization Service* 760 F.2d 907 (9th Cir. 1983) | 11 |
| 4. | Special Instruction No. 4 | Searches Without a Consent and Without Search Warrant | *Motley v. Parks*, 432 F.3d 1072, at 1079, citing *Watts v. County of Sacramento*, 256 F.3d 886 (9th Cir. 2001) *and Payton v. New York*, 445 U.S. 573, 603 (1980) | 14 |
| 5. | Special Instruction No. 5 | Warrantless Search Pursuant to a Parolee's Parole Condition | *Motley v Parks*, 432 F.3d 1072 | 16 |
| 6. | Special Instruction No. 7 | Unusually Susceptible Plaintiff | CACI 3928 | 18 |

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

| No. | Plaintiff's Disputed Instruction Number | Title | Source | Pg. |
|---|---|---|---|---|
| 7. | Special Instruction No. 8 | Duty of Jurors to Report Misconduct | *Wainwright v. Whitt,* 469 U.S. 412 (1985) | 20 |
| 8. | Special Instruction No. 9 | Life Expectancy | CACI 3932 | 22 |
| 9. | Special Instruction No. 10 | Compensatory Damages | Devitt, Blackmar, Wolff and O'Malley, <u>Federal Civil Jury Practice and Instructions</u>, § 104.06 (1987 and 1999 Supp.) | 24 |
| 10. | Special Instruction No. 11 | Not Necessary to Show Intent to Deprive Constitutional Right | *Monroe v Pape*, 365 U.S. 167, 187 (1961); *Cohen v Norris*, 300 F.2d 24, 29-30 (9th Cir. 1962); *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Gomez v. Toledo*, 446 U.S. 635 (1980) | 26 |
| 11. | Special Instruction No. 12 | Probable Cause | *United States v. Franklin*, 603 F.3d 652, 656 (quoting Texas v. Brown 460 U.S. 730, 742 (1983) | 28 |
| 12. | Special Instruction No. 13 | Opening Instructions | *O'Malley's Federal Jury Practice and Instructions 5th Edition*, Instruction No. 101.01 | 30 |

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

| No. | Plaintiff's Disputed Instruction Number | Title | Source | Pg. |
|---|---|---|---|---|
| 13. | Special Instruction No. 14 | Claims and Defenses | *O'Malley's Federal Jury Practice and Instructions 5th Edition*, Instruction No. 101.03 | 33 |
| 14. | Special Instruction No. 15 | Stipulations at Pretrial Conference | *O'Malley's Federal Jury Practice and Instructions 5th Edition*, Instruction No. 101.47 | 37 |
| 15. | Special Instruction No. 17 | Preponderance of the Evidence | *O'Malley's Federal Jury Practice and Instructions 5th Edition*, Instruction No. 104.01 | 40 |
| 16. | Special Instruction No. 20 | Nature of the Action | *O'Malley's Federal Jury Practice and Instructions 5th Edition*, Instruction No. 165.01 | 42 |
| 17. | Special Instruction No. 21 | Unreasonable Search | *O'Malley's Federal Jury Practice and Instructions 5th Edition*, Instruction No. 165.22 | 46 |
| 18. | Special Instruction No. 22 | Proximate Cause - Generally | *O'Malley's Federal Jury Practice and Instructions 5th Edition*, Instruction No. 165.50 | 48 |
| 19. | Special Instruction No. 23 | Compensatory and Nominal Damages | *O'Malley's Federal Jury Practice and Instructions 5th Edition*, Instruction No. 165.70 | 50 |

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 1**

**FOURTH AMENDMENT**

Plaintiff claims that defendant Geoffrey Elliott violated her rights under the Fourth Amendment to the U.S. Constitution. The 4th Amendment reads:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Every person has the constitutional right to be free from the unreasonable search and/or seizure of his or her person or property by law enforcement agents. You must determine whether any searches or seizures which you find took place were reasonable under constitutional standards.

You should take into account all of the facts and circumstances which were known, or which should have been known, by the defendant when you are assessing his liability to the plaintiff. The question you must answer is whether, in the fact of such facts and circumstances as given defendant treated plaintiff unreasonably and violated her constitutional rights, as I shall define them for you.

<u>Source</u>:  4th Amendment to the U.S. Constitution

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

**DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL**

**INSTRUCTION NO. 1**

The jury will be properly instructed on the relevant clause of the Fourth Amendment, namely, the right to be free from an unlawful search of one's dwelling. Plaintiff's proffered instruction is thus redundant. Additionally, the proffered instruction is unnecessarily broad and confusing, as a significant portion of the instruction is inapplicable to the facts of this case. For example, the proposed instruction references warrants supported by probable cause, things being seized, seizures, etc. In this case, by virtue of Judge Margaret M. Morrow's order on the defendants' Motion for Summary Judgment or, in the Alternative, Summary Adjudication, the sole cause of action at issue is one for "unlawful search" under the Fourth Amendment against defendant Detective Elliott. *See* Judge Morrow's Order on MSJ, Document No. 114 on the Court's Docket, pg. 28, line 19 to pg. 29, line 1. ("The court grants summary judgment on all claims in favor of defendants County of Los Angeles, Marino, Painter, Vaziri, Yokoyama, Bomben, Perez-Torres, and Ochoa. Defendants' motion for summary judgment on Marshall's § 1983 unreasonable search claim against Elliott is denied."). As such, any references to "seizures" are inapplicable to this case. Additionally, the existence of warrants is a nonissue in this case as the issue is whether Detective Elliott had probable cause to believe parolee Donya Steen lived at plaintiff's apartment. *See* Judge Morrow's MSJ Order, pg. 17, lines 24-25 ("triable issues of fact exist as to…whether Detective Elliott reasonably believed that Steen lived at Marshall's address.").

Defendant Detective Elliott respectfully requests that this Court deny plaintiff's requested Special Instruction No. 1 on the basis that it is overbroad and confusing because it references clauses of the Fourth Amendment which are not at issue in this case. *See Wright v. Hedgpeth*, 2012 U.S. Dist. LEXIS 50340, 68-69 (E.D. Cal. Apr. 9, 2012)("It is not error to refuse confusing or incomplete

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1   instructions."), *citing People v. Diedrich*, 31 Cal.3d 263, 286 (1982),  *People v.*

2   *Campanella*, 46 Cal.App.2d 697, 703 (1941).  Detective Elliott submits that

3   defendant's proposed  Kevin F. O'Malley, et al., Federal Jury Practice and

4   Instruction No. 165.22, modified to reflect the unique circumstances in this case and

5   to tailor the instruction to reflect Judge Morrow's rulings in this case, is

6   comprehensive and sufficient for purposes of instructing the jury on the Fourth

7   Amendment.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 2
## REASONABLENESS OF ANY SEIZURE

The test for reasonableness of any seizure also applies to the manner in which a seizure is conducted, not just to the use of force. A seizure may be unreasonable in a particular instance either because the seizure itself is improper or because it is carried out in an unreasonable manner.

<u>Source</u>:  *Franklin v. Foxworth,* 31 F.3d 873, 877 (9th Cir. 1994).

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1   **DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL**

2   **INSTRUCTION NO. 2**

3

4       Defendant objects to Plaintiff's Proposed Non-Agreed Jury Instruction No. 2

5   on the grounds that the only theory of liability left to be tried by a jury in this case is

6   plaintiff's cause of action for unlawful search in violation of the Fourth Amendment

7   for the officers' entry into her apartment.  Plaintiff does not have a claim for

8   unlawful seizure and any attempt to resurrect a claim which has previously been

9   dismissed is improper.

10      The Honorable Margaret M. Morrow, in ruling on the defendants' Motion for

11  Summary Judgment or, in the Alternative Summary Adjudication, ruled as follows:

12      "The court grants summary judgment on all claims in favor of

13      defendants County of Los Angeles, Marino, Painter, Vaziri, Yokoyama,

14      Bomben, Perez-Torres, and Ochoa.  Defendants' motion for summary

15      judgment on Marshall's § 1983 ***unreasonable search*** claim against

16      Elliott is denied."

17  *See* Order Granting in Part and Denying in Part Defendants' Motion for Summary

18  Judgment ("Judge Morrow's Order on Defendants' MSJ"), Document No. 114 on

19  the Court's Docket, pg. 28, ln. 19 - pg. 29, ln. 1. (emphasis added).

20      Accordingly, plaintiff does not have an unlawful seizure claim in this case.

21      In their Motion for Summary Judgment or, in the Alternative, Summary

22  Adjudication, defendants specifically requested adjudication of plaintiff's unlawful

23  seizure claim in their favor and against plaintiff.  *See* Defendants' November 4,

24  2011 Motion for Summary Judgment or, in the Alternative, Summary Adjudication,

25  Document No. 81 on the Court's Docket, Item No. 1 set forth in the Notice, as well

26  as Memorandum of Points and Authorities, Sections IV, Section V (A) (Plaintiff

27  was Constitutionally Detained During the Lawful Search), and Section V (B) (The

28  Officers are Entitled to Qualified Immunity on Plaintiff's Allegations of Unlawful

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-9-

1  Detention under the Fourth Amendment).

2  In response, Judge Morrow ruled as stated above, and dismissed all

3  defendants and all causes of action except plaintiff's unreasonable search claim

4  against Detective Elliott.  *See* Judge Morrow's Order on Defendants' MSJ, pg. 28,

5  ln. 19 - pg. 29, ln. 1.

6  It is undisputed that Detective Elliott did not seize plaintiff at any time during

7  the incident, but rather plaintiff claimed she was detained at gunpoint by a number

8  of other officers.  Clearly Judge Morrow would not have dismissed all of the other

9  defendants had she concluded that plaintiff was unlawfully seized.  She did note in

10  her MSJ ruling that plaintiff was held at gunpoint during the search.  *See* Judge

11  Morrow's Order on Defendants' MSJ, pg. 7, lines 6-9.  Nonetheless, she concluded

12  that the defendants' "***conduct would clearly have been lawful had the apartment***

13  ***they entered been Steen's***."  *See* Judge Morrow's Order on Defendants' MSJ, pg.

14  15, lines 18-19 (emphasis added).

15  Accordingly, plaintiff's current attempt to resurrect an unlawful seizure claim

16  is entirely improper and in direct violation of the ruling on defendants' Motion for

17  Summary Judgment or, in the Alternative, Summary Adjudication.

18  On this basis, defendant Detective Elliott respectfully requests that this Court

19  deny plaintiff's Proposed non-Agreed Jury Instruction No. 2.

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-10-

1
2
3

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 3**

**SEIZURE- EXAMPLES**

4   A person has been "seized" within the meaning of the Fourth Amendment of
5   the United States Constitution if, in view of all of the circumstances surrounding the
6   incident, a reasonable person would have believed that she was not free to leave.
7   Examples of circumstances that might indicate a seizure, even where the person did
8   not attempt to leave, would be the threatening presence of several officers, the
9   display of a weapon by an officer, some physical touching of the person of the
10  citizen, or the use of language or tone of voice indicating that compliance with the
11  officer's request might be compelled.
12
13  Source:  *Benitez-Mendez v. Immigration and Nationalization Service,* 760 F.2d 907
14  (9th Cir. 1983).

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1    **DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL**

2    **INSTRUCTION NO. 3**

3

4    Plaintiff's offered examples of unlawful seizures are irrelevant as plaintiff

5    does not have an unlawful seizure claim.

6    For purposes of providing complete objections, defendant restates once again

7    that Judge Morrow, in ruling on the defendants' Motion for Summary Judgment or,

8    in the Alternative Summary Adjudication, ruled as follows:

9    "The court grants summary judgment on all claims in favor of

10   defendants County of Los Angeles, Marino, Painter, Vaziri, Yokoyama,

11   Bomben, Perez-Torres, and Ochoa.  Defendants' motion for summary

12   judgment on Marshall's § 1983 ***unreasonable search*** claim against

13   Elliott is denied."

14   *See* Order Granting in Part and Denying in Part Defendants' Motion for Summary

15   Judgment ("Judge Morrow's Order on Defendants' MSJ"), Document No. 114 on

16   the Court's Docket, pg. 28, ln. 19 - pg. 29, ln. 1. (emphasis added).

17   Accordingly, plaintiff does not have an unlawful seizure claim in this case.

18   In their Motion for Summary Judgment or, in the Alternative, Summary

19   Adjudication, defendants specifically requested adjudication of plaintiff's unlawful

20   seizure claim in their favor and against plaintiff.  *See* Defendants' November 4,

21   2011 Motion for Summary Judgment or, in the Alternative, Summary Adjudication,

22   Document No. 81 on the Court's Docket, Item No. 1 set forth in the Notice, as well

23   as Memorandum of Points and Authorities, Sections IV, Section V (A) (Plaintiff

24   was Constitutionally Detained During the Lawful Search), and Section V (B) (The

25   Officers are Entitled to Qualified Immunity on Plaintiff's Allegations of Unlawful

26   Detention under the Fourth Amendment).

27   In response, Judge Morrow ruled as stated above, and dismissed all

28   defendants and all causes of action except plaintiff's unreasonable search claim

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-12-

1   against Detective Elliott.  *See* Judge Morrow's Order on Defendants' MSJ, pg. 28,
2   ln. 19 - pg. 29, ln. 1. (emphasis added).

3          It is undisputed that Detective Elliott did not seize plaintiff at any time, but
4   rather, plaintiff claimed she was detained at gunpoint by a number of other officers.
5   Clearly Judge Morrow would not have dismissed all of the other defendants had she
6   concluded that plaintiff was unlawfully seized.  She did note in her ruling on
7   plaintiff's claims that plaintiff was held at gunpoint during the search.  *See* Judge
8   Morrow's Order on Defendants' MSJ, pg. 7, lines 6-9.  Nonetheless, she concluded
9   that the defendants' "***conduct would clearly have been lawful had the apartment***
10  ***they entered been Steen's***."  *See* Judge Morrow's Order on Defendants' MSJ, pg.
11  15, lines 18-19 (emphasis added).

12         Accordingly, plaintiff's current attempt to resurrect an unlawful seizure claim
13  is entirely improper and in direct violation of the ruling on defendants' Motion for
14  Summary Judgment or, in the Alternative, Summary Adjudication.

15         On this basis, defendant Detective Elliott respectfully requests that this Court
16  deny plaintiff's Proposed Non-Agreed Jury Instruction No. 3.

17
18
19
20
21
22
23
24
25
26
27
28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-13-

1
2
3

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 4**

**SEARCHES WITHOUT CONSENT AND WITHOUT SEARCH WARRANT**

4
5
6
7

"A search conducted without consent or a search warrant is permissible only when the officers have some heightened knowledge that they are at the address where either the parolee or the subject of an arrest warrant resides."

8
9
10

Source:   *Motley* v *Parks,* 432 F.3d 1072, at l079, citing *Watts* v. *County of Sacramento,* 256 F.3d. 886 (9th Cir. 2001) and *Payton* v. *New York,* 445 U.S. 573, 603 (1980)

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1  **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL**
2  **INSTRUCTION NO. 4**
3

4      The statement of the law set forth in Plaintiff's Proposed Non-Agreed Jury
5  Instruction No. 4 is inaccurate.
6      While the Ninth Circuit in *Motley v. Parks* discussed prior holdings requiring
7  heightened knowledge of a parolee's address, when referring to cases previously
8  decided in the midst of its analysis, this was not the final declaration of the law by
9  the Ninth Circuit in *Motley*. *See Motley v. Parks*, 432 F.3d 1072, 1079-80 (9th Cir.
10  2005), *overruled on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir.
11  2012).  Rather, the Ninth Circuit "reconciled" its prior holdings, *Id.* at 1080, and
12  made the following final declaration of the law on this issue:
13      "***In sum***, we hold that before conducting a warrantless search pursuant to a
14  parolee's parole condition, ***law enforcement officers must have probable cause to***
15  ***believe that the parolee is a resident of the house to be searched***."  *Id.* at 1080.
16  (emphasis added).  Notably, the Ninth Circuit's final declaration on the issue did not
17  contain a reference to any "heightened" standard. *Id.*
18      The Ninth Circuit later reiterated this standard in *United States v. Howard*,
19  once again making no reference to an alleged "heightened" standard. *See United*
20  *States v. Howard*, 447 F.3d 1257, 1262 (9th Cir. 2006)("[B]efore conducting a
21  warrantless search pursuant to a parolee's parole condition, law enforcement officers
22  must have probable cause to believe that the parolee is a resident of the house to be
23  searched.").
24      Plaintiff has acknowledged the correct and applicable standard for conducting
25  warrantless searches pursuant to a parolee's parole condition, as set forth in
26  Plaintiff's Proposed Non-Agreed Jury Instruction No. 5.  Accordingly, Plaintiff's
27  Proposed Non-Agreed Jury Instruction No. 4, which is an inaccurate statement of
28  the law, should be denied.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 5**

**WARRANTLESS SEARCH PURSUANT TO A**

**PAROLEE'S PAROLE CONDITION**

Before conducting a warrantless search pursuant to a parolee's parole condition, law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched.

<u>Source:</u>  *Motley v. Parks* 432 F.3d 1072 (2005)

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

# DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 5

The only basis of the defendant's objection to Plaintiff's Proposed Non-Agreed Jury Instruction No. 5 is that this correct statement of the law is cumulative as it has been incorporated in defendant's proposed Kevin F. O'Malley, et al., Federal Jury Practice and Instruction No. 165.22, modified to incorporate pertinent portions of the Ninth Circuit Model Instruction No. 9.11, to reflect the unique circumstances in this case, and to tailor the instruction to reflect Judge Morrow's rulings in this case.

Defendant requests that the probable cause standard be incorporated into the "unreasonable search" jury instruction so that the jury will be instructed on the issue of what is needed to establish unreasonable search in one comprehensive instruction, rather than in piecemeal instructions.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 7**

**UNUSUALLY SUSCEPTIBLE PLAINTIFF**

You must decide the full amount of money that will reasonably and fairly compensate Qiana Marshall for all damages caused by the wrongful conduct of Geoffrey Elliott, even if Qiana Marshall was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

Source:  CACI 3928.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1    **DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL**

2    **INSTRUCTION NO. 7**

3

4            This state law instruction is cumulative and confusing, as the subject of

5    damages is adequately covered in the parties' joint jury instructions based on

6    O'Malley, et al., Federal Jury Practice and Instructions.  Moreover, it would unfairly

7    prejudice defendant to repeatedly highlight the issue of damages.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 8**

**DUTY OF JURORS TO REPORT MISCONDUCT**

You must decide the case solely on the evidence before you. Over the course of deliberations, if any jurors disregard my instructions, your foreperson must tell me. If the foreperson does not do that, it is the duty of every other juror to do so.

<u>Source</u>:  *Wainwright v. Whitt*, 469 U.S. 412 (1985)

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-20-

**DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 8**

This instruction is redundant, as it is already covered in the parties' Joint Instructions pertaining to the tasks of the jury and consideration of evidence, which are based upon O'Malley, et al., Federal Jury Practice and Instructions.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 9**

**LIFE EXPECTANCY**

If you decide that Qiana Marshall has suffered damages that will continue for the rest of her life, you must determine how long he will probably live. She is 38 years old. According to the *National Vital Statistics Reports*, Vol. 59, (*dated September 28, 2011*) a 38 year old female is expected to live another 43.8 years. This is the average life expectancy. Some people live longer, and others die sooner.

This published information is evidence of how long a person is likely to live, but is not conclusive. In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle and occupation.

Source:  CACI 3932.

HURRELL CANTRALL, LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

**DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 9**

The facts revealed in discovery do not a support a claim for injuries to last throughout plaintiff's life, and no expert or treater has opined as much. Therefore, plaintiff's proposed instruction pertaining to lifelong damages has no basis in evidence, and would only serve to confuse the jury. Defendant may reconsider his position on this instruction if plaintiff is able to present evidence supporting the instruction at trial, though none has been presented to date.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 10
## COMPENSATORY DAMAGES

The plaintiff has alleged that as a result of defendant's actions she suffered mental anguish and emotional distress. This is what we call compensatory damages. The plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence. If plaintiff does not establish that she experienced mental anguish and emotional distress because of defendants' conduct, then she cannot recover compensatory damages.

If you determine that the plaintiff has proven by a preponderance of the evidence that she has experienced mental anguish and emotional distress as a proximate result of defendants' acts, you may award her damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation - no more and no less.

In considering the amount of monetary damages to which the plaintiff may be entitled, you should consider the nature, character and seriousness of any mental anguish and emotional distress the plaintiff felt. You must also consider its extent or duration, as any award you make must cover the damages endured by the plaintiff since the wrongdoing, to the present time, and even into the future if you find as fact that the proof presented justifies the conclusion that plaintiff's emotional distress and mental anguish and their consequences have continued to the present time or can reasonably be expected to continue in the future.

Source:   Devitt, Blackmar, Wolff and O'Malley, Federal Civil Jury Practice and Instructions, § 104.06 (1987 and 1999 Supp.).

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

# DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 10

This instruction is dated and is no longer included in the current edition of O'Malley, *et al.*, Federal Civil Jury Practice and Instructions.   Defendant respectfully submits that Federal Civil Jury Practice and Instructions, including Nos. 128.02, 128.03, 128.10, and 165.70, sufficiently address the issue of damages, and the instant dated proposed instruction on compensatory damages is redundant and serves to place unnecessary emphasis on the issue of damages.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 11**

**NOT NECESSARY TO SHOW INTENT TO DEPRIVE**

**CONSTITUTIONAL RIGHT**

It is not necessary to find that Defendant had any specific intent to deprive Plaintiff of her constitutional rights, or that he acted with malice or ill will in order to find for the Plaintiff.

Plaintiff is entitled to relief if a defendant intended the actions which resulted in a violation of her constitutional rights.

Whether defendant acted with subjective good faith is irrelevant, and Plaintiff does not need to prove that he had an evil heart.

Source:  *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Gomez v. Toledo*, 446 U.S. 635 (1980); *Monroe v Pape*, 365 U.S. 167, 187 (1961); *Cohen v Norris*, 300 F.2d 24, 29-30 (9th Cir. 1962).

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1    **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL**
2    **INSTRUCTION NO. 11**
3

4    Plaintiff's proposed instruction on the necessity of intent directly contradicts
5    the definition of intent offered by the Ninth Circuit Model Instructions in the Fourth
6    Amendment context, as incorporated by defendant in its modification of
7    Defendant's Proposed Instruction No 165.22.  Specifically, defendant has added the
8    following paragraph, taken entirely from the definition suggested in the Ninth
9    Circuit Model Instruction:

10   A person acts "intentionally" when the person acts with a conscious
11   objective to engage in particular conduct.  Thus, the plaintiff must
12   prove the defendant meant to search the plaintiff's residence.  Although
13   the plaintiff does not need to prove the defendant intended to violate
14   the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff
15   only proves the defendant acted negligently, accidentally or
16   inadvertently in conducting the search.

17   *See* Defendant's Proposed Disputed Instruction No. 7, modified to include the
18   definition of "intent" from the Ninth Circuit Model Instruction No. 9.11, Document
19   No. 166 on the Court's Docket.  Defendant submits that the foregoing is the proper
20   definition of intent applicable to the instant case, which accurately and sufficiently
21   instructs on the issue of intent relevant to this case.  Accordingly, the Court should
22   deny plaintiff's requested incomplete instruction on intent.

23
24
25
26
27
28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 12
## PROBABLE CAUSE

Probable cause requires that the facts available to defendant Geoffrey Elliott would warrant a man of reasonable caution in the belief that the apartment he entered and searched was the parolee's residence at the time the entry and search were conducted.

Source:      *United States v. Franklin*, 603 F.3d 652, 656 (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983))

# DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 12

Defendant submits that a proper probable cause definition should be incorporated into the modified version of the Federal Jury Practice and Instruction, No. 165.22, pertaining to unreasonable searches, for one complete instruction as to what is needed for plaintiff to establish unreasonable search in this case. Defendant has proposed a modified instruction based on Federal Jury Practice and Instruction, No. 165.22, in Defendant's Proposed Disputed Instruction No. 7, as set forth in Document No. 166 on the Court's Docket.

Here, plaintiff's proposed instruction improperly implies that Detective Elliott conducted a search of plaintiff's apartment, by stating "that the apartment he entered and *searched* was the parolee's residence at the time the entry and *search* were conducted." (emphasis added). It is undisputed that Detective Elliott did not personally conduct a search of plaintiff's residence at any time. Additionally, it is contested whether any of the officers conducted a search of plaintiff's apartment. While plaintiff claims her apartment was searched, the officers have testified that a mere protective sweep was conducted, not a search. Thus, to instruct the jury as such improperly implies that Detective Elliott definitively engaged in a contested act.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

# PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 13
## OPENING INSTRUCTIONS

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you.  The party who sues is called the plaintiff.   In this action, the plaintiff is Qiana Marshall . The party being sued, called the defendant[s]. In this action, the defendant is Geoffrey Elliott.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-30-

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1   evidence, the lawyers' closing arguments, and my instructions to you on the law.

2   While the trial is in progress, you must not discuss the case in any manner
3   among yourselves or with anyone else. In addition, you should not permit anyone to
4   discuss the case in your presence.

5   From time-to-time during the trial, I may make rulings on objections or
6   motions made by the lawyers. It is a lawyer's duty to object when the other side
7   offers testimony or other evidence the lawyer believes is not admissible. You should
8   not be unfair or partial against a lawyer or the lawyer's client because the lawyer has
9   made objections. If I sustain or uphold an objection to a question that goes
10  unanswered by the witness, you should not draw any inferences or conclusions from
11  the question. You should not infer or conclude from any ruling or other comment I
12  may make that I have any opinions on the merits of the case favoring one side or the
13  other. I do not favor one side or the other.

14  The lawyers are not allowed to speak with you during this case. When you see
15  the lawyers at a recess or pass them in the halls and they do not speak to you, they
16  are not being rude or unfriendly; they are simply following the law.

17  During the trial, it may be necessary for me to talk with the lawyers out of
18  your hearing about questions of law or procedure. Sometimes, you may be excused
19  from the courtroom during these discussions. I will try to limit these interruptions as
20  much as possible, but you should remember the importance of the matter you are
21  here to determine and should be patient even though the case may seem to go
22  slowly.

23

24  Source: *O'Malley's Federal Jury Practice and Instructions* 5th Edition, No. 101.01,
25  Opening Instructions (Modified to Reflect Facts of the Case)

26

27

28

-31-

# DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 13

Defendant's sole objection is the reference to Detective Geoffrey Elliott as "Geoffrey Elliott."  As Detective Elliott is being sued in his capacity as a Detective with the Los Angeles County Sheriff's Department, for his actions taken while working as a Detective, defendant submits there is no need to strip Detective Elliott of his title when referring to him in the jury instructions.  Thus, defendant respectfully requests that the reference to "Geoffrey Elliott" be substituted with "Detective Geoffrey Elliott.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-32-

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 14**

**CLAIMS AND DEFENSES**

Plaintiff Qiana Marshall claims that On November 5, 2009, defendant Geoffrey Elliott violated her civil rights under the 4th Amendment to the United States Constitution to be free from unreasonable searches and seizures by: (1) entering her apartment; (2) detaining her and (2) unlawfully searching her home.

Plaintiff brings claims under federal statutory law, 42 U.S.C. §1983, which provides that any person who, under the color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiff claims that defendant's entry into her home, her detention and search of home caused her injuries.

Plaintiff has the burden of proving the degree to which he was injured.

Defendant denies that the search and detention were unreasonable or that plaintiff suffered any injuries as a result of the entry, detention and search. Defendant further asserts as an affirmative defense that if Plaintiff suffered any injuries on November 5, 2009, she failed to use reasonable care to reduce her damages. Defendants have the burden of proof on all of all their affirmative defense.

Plaintiff denies defendant's affirmative defenses.

Source:  O'Malley's Federal Jury Practice and Instructions 5th Edition, No. 101.03, Claims and Defenses (Modified to Reflect Facts of the Case)

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1   **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL**
2   **INSTRUCTION NO. 14**
3

4       Plaintiff claims her Fourth Amendment claim is for unlawful search and
5   seizure based on Detective Geoffrey Elliott "(1) entering her apartment; (2)
6   detaining her and (2) [sic] unlawfully searching her home."

7       In actuality, the only theory of liability left to be tried by a jury in this case is
8   plaintiff's cause of action for unlawful search in violation of the Fourth Amendment
9   for the officers' entry into her apartment.

10       The Honorable Margaret M. Morrow, in ruling on the defendants' Motion for
11   Summary Judgment or, in the Alternative Summary Adjudication, ruled as follows:

12       "The court grants summary judgment on all claims in favor of defendants
13   County of Los Angeles, Marino, Painter, Vaziri, Yokoyama, Bomben, Perez-Torres,
14   and Ochoa.  Defendants' motion for summary judgment on Marshall's § 1983
15   unreasonable **_search_** claim against Elliott is denied."  *See* Order Granting in Part and
16   Denying in Part Defendants' Motion for Summary Judgment ("Judge Morrow's
17   Order on Defendants' MSJ"), Document No. 114 on the Court's Docket, pg. 28, ln.
18   19 - pg. 29, ln. 1. (emphasis added).

19       Accordingly, plaintiff does not have an unlawful seizure claim in this case.

20       In their Motion for Summary Judgment or, in the Alternative, Summary
21   Adjudication, defendants specifically requested adjudication of plaintiff's unlawful
22   seizure claim in their favor and against plaintiff.  *See* Defendants' November 4,
23   2011 Motion for Summary Judgment or, in the Alternative, Summary Adjudication,
24   Document No. 81 on the Court's Docket, Item No. 1 set forth in the Notice, as well
25   as Memorandum of Points and Authorities, Sections IV, Section V (A) (Plaintiff
26   was Constitutionally Detained During the Lawful Search), and Section V (B) (The
27   Officers are Entitled to Qualified Immunity on Plaintiff's Allegations of Unlawful
28   Detention under the Fourth Amendment).

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-34-

1     In response, Judge Morrow ruled as stated above, and dismissed all

2  defendants, with the exception of Detective Elliott, and all causes of action except

3  plaintiff's unreasonable search claim against Detective Elliott.  *See* Judge Morrow's

4  Order on Defendants' MSJ, pg. 28, ln. 19 - pg. 29, ln. 1.

5     In ruling on the defendants' summary judgment, Judge Morrow noted

6  plaintiff's claims that she was held at gunpoint during the search.  *See* Judge

7  Morrow's Order on Defendants' MSJ, pg. 7, lines 6-9.  Nonetheless, she concluded

8  that the defendants' "conduct would clearly have been lawful had the apartment they

9  entered been Steen's."  *See* Judge Morrow's Order on Defendants' MSJ, pg. 15,

10  lines 18-19.

11     With respect to the execution of the search, after consideration of all of the

12  evidence and argument, Judge Morrow ruled that "Marshall has adduced no

13  evidence that anything in the apartment was damaged, let alone that the officers'

14  conduct during the search was more than negligent."  *See* Judge Morrow's Order on

15  Defendants' MSJ, pg. 22, lines 9-11 (internal citations omitted).  After engaging in a

16  thorough analysis, she went on the conclude that "***even had Marshall presented***

17  ***evidence that the manner in which the search was conducted independently***

18  ***violated the constitution, the claim would be barred by qualified immunity***, since a

19  reasonable officer could have believed that the search was lawful."  *See* Judge

20  Morrow's Order on Defendants' MSJ, pg. 22, line 23 to pg. 23, line 2. (internal

21  citations omitted)(emphasis added).

22     On the foregoing grounds and more, Judge Morrow concluded that the only

23  cause of action left to be tried at this time is plaintiff's unlawful search claim against

24  Detective Elliott, on the basis of whether Detective Elliott had probable cause to

25  believe plaintiff resided at Apartment "6" of the apartment complex.  *See* Judge

26  Morrow's Order on Defendants' MSJ, pg. 28, ln. 19 - pg. 29, ln. 1, pg. 17, lines 20-

27  28.  Accordingly, plaintiff's current attempts to resurrect the two theories of liability

28  which have already been ruled upon, including unlawful seizure and unlawful

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1  execution of the search, are entirely improper and in direct violation of the ruling on
2  defendants' Motion for Summary Judgment or, in the Alternative, Summary
3  Adjudication.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 15
## STIPULATIONS AT PRETRIAL CONFERENCE

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

1)   The incident giving rise to this action occurred on November 5, 2009.

2)   Defendant GEOFFREY ELLIOTT was acting under color of state law at all times pertinent to this incident.

3)   Defendant GEOFFREY ELLIOTT was employed by the County of Los Angeles at all times pertinent to this incident.

4)   Parole Agent Jesse Ochoa and Parole Agent Alejandro Perez-Torres are state parole agents and were employed by the State of California at the time of the incident.

5)   Defendant GEOFFREY ELLIOTT was the investigating officer for the parole compliance search of Donya Steen and his residence.

6)   Donya Steen resided at 13526 Kornblum Avenue, Apartment "6A," Hawthorne, California 90250, at the time of the incident.

7)   Plaintiff resided at 13526 Kornblum Avenue, Apartment "6," in Hawthorne, California 90250, at the time of the incident.

8)   Apartments "6" and "6A" are next door to each other.

9)   Donya Steen was a parolee at the time of the incident.

10)   As part of his conditions of parole, Donya Steen had consented to having his person, "residence, and any property" under his "control" searched without a warrant by any law enforcement officer.

11)   None of the officers touched plaintiff during the incident.

12)   Plaintiff did not resist any officer during the subject incident.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-37-

1    Since the parties have stipulated to these facts and do not dispute them, you

2 are to take these facts as true for purposes of this case.

3

4 Source:  *O'Malley's Federal Jury Practice and Instructions* 5th Edition, No. 101.47,

5 Stipulations at Pretrial Conference (Modified to Reflect Facts of the Case)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

# DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL
# INSTRUCTION NO. 15

Defendant's sole objection is the reference to Detective Geoffrey Elliott as "Defendant GEOFFREY ELLIOTT."  As Detective Elliott is being sued in his capacity as a Detective with the Los Angeles County Sheriff's Department, for his actions taken while working as a Detective, defendant submits there is no need to strip Detective Elliott of his title when referring to him in the jury instructions. Thus, defendant respectfully requests that the reference to "Defendant GEOFFREY ELLIOTT" be substituted with "Detective Geoffrey Elliott" or "Defendant Detective Geoffrey Elliott."

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 17
## PREPONDERANCE OF THE EVIDENCE

Plaintiff Qiana Marshall has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff Qiana Marshall should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant Geoffrey Elliott as to that claim.

[*The defendant has the burden of establishing the essential elements of certain affirmative defenses.  I will explain this later*.]

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard applicable in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.*

Source:  *O'Malley's Federal Jury Practice and Instructions* 5th Edition, No. 104.01, Preponderance of the Evidence (Modified)

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1    **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL**

2    **INSTRUCTION NO. 17**

3

4          Defendant submits that discussing the standard of evidence applicable in

5    criminal cases, as set forth in the last paragraph, may serve to confuse the jury and is

6    unnecessary.  Unless the jury expresses some confusion about the applicable

7    preponderance of the evidence standard in this civil case, defendant respectfully

8    submits that there is no need to reference or mention the "proof beyond a reasonable

9    doubt" standard applicable in criminal cases.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 20
### NATURE OF THE ACTION

Plaintiff Qiana Marshall claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to plaintiff Qiana Marshall by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, plaintiff Qiana Marshall alleges that defendant Geoffrey Elliott subjected plaintiff Qiana Marshall to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely, the Constitutional right not to be subjected to an unreasonable seizure and search of plaintiff's dwelling.

Defendant Geoffrey Elliott denies that any of his actions during the time in question violated plaintiff's constitutional rights.  Defendant claims that his actions were reasonable.

Source:  *O'Malley's Federal Jury Practice and Instructions* 5th Edition, No. 165.01, Nature of the Action (Modified to reflect facts and law of the case)

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

# DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 20

Here, though plaintiff has taken the liberty of omitting most of the language set forth in the last paragraph of *O'Malley's Federal Jury Practice and Instructions*, No. 165.01, plaintiff has offered no explanation or reason for doing so, but has merely stated that the instruction has been "Modified to reflect facts and law of the case." More specifically, the last paragraph of Instruction No. 165.01 states "Defendant police officers [sic] that they were acting in good faith and with probable cause and that their actions were reasonable. Defendant police officers further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon." This paragraph is omitted from plaintiff's proposed instruction, and is instead replaced with the skeletal statement that "Defendant claims that his actions were reasonable." Plaintiff should not be allowed to modify the proposed Instruction No. 165.01 as such without providing any explanation as to why most of the language in the last paragraph is omitted from plaintiff's proposed instruction.

Additionally, plaintiff has replaced "Defendant police officers" with "Defendant Geoffrey Elliott," in the second and third paragraphs. As Detective Elliott is being sued in his capacity as a Detective with the Los Angeles County Sheriff's Department, for his actions taken while working as a Detective, defendant respectfully submits there is no need to strip Detective Elliott of his title when referring to him in the jury instructions. Thus, defendant respectfully requests that the reference to "Geoffrey Elliott" be substituted with "Detective Geoffrey Elliott."

Finally, defendant submits that plaintiff does not have a claim for "unreasonable seizure," as the only remaining cause of action in this case is one for "unreasonable search" against Detective Elliott.

The Honorable Margaret M. Morrow, in ruling on the defendants' Motion for

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1    Summary Judgment or, in the Alternative Summary Adjudication, ruled as follows:

2            "The court grants summary judgment on all claims in favor of

3            defendants County of Los Angeles, Marino, Painter, Vaziri, Yokoyama,

4            Bomben, Perez-Torres, and Ochoa.  Defendants' motion for summary

5            judgment on Marshall's § 1983 unreasonable *search* claim against

6            Elliott is denied."

7    *See* Order Granting in Part and Denying in Part Defendants' Motion for Summary

8    Judgment ("Judge Morrow's Order on Defendants' MSJ"), Document No. 114 on

9    the Court's Docket, pg. 28, ln. 19 - pg. 29, ln. 1. (emphasis added).

10           Accordingly, plaintiff does not have an unlawful seizure claim in this case.

11           In their Motion for Summary Judgment or, in the Alternative, Summary

12   Adjudication, defendants specifically requested adjudication of plaintiff's unlawful

13   seizure claim in their favor and against plaintiff.  *See* Defendants' November 4,

14   2011 Motion for Summary Judgment or, in the Alternative, Summary Adjudication,

15   Document No. 81 on the Court's Docket, Item No. 1 set forth in the Notice, as well

16   as Memorandum of Points and Authorities, Sections IV, Section V (A) (Plaintiff

17   was Constitutionally Detained During the Lawful Search), and Section V (B) (The

18   Officers are Entitled to Qualified Immunity on Plaintiff's Allegations of Unlawful

19   Detention under the Fourth Amendment).

20           In response, Judge Morrow ruled as stated above, and dismissed all

21   defendants and all causes of action except plaintiff's unreasonable search claim

22   against Detective Elliott.  *See* Judge Morrow's Order on Defendants' MSJ, pg. 28,

23   ln. 19 - pg. 29, ln. 1.

24           It is undisputed that Detective Elliott did not seize plaintiff during the entry,

25   but rather plaintiff claimed she was detained at gunpoint by a number of other

26   officers.  Clearly Judge Morrow would not have dismissed all of the other

27   defendants had she concluded that plaintiff was unlawfully seized.  She did note in

28   her MSJ ruling that plaintiff was held at gunpoint during the search.  *See* Judge

1   Morrow's Order on Defendants' MSJ, pg. 7, lines 6-9. Nonetheless, she concluded

2   that the defendants' "***conduct would clearly have been lawful had the apartment***

3   ***they entered been Steen's***." *See* Judge Morrow's Order on Defendants' MSJ, pg.

4   15, lines 18-19 (emphasis added).

5          Accordingly, plaintiff's current attempt to resurrect an unlawful seizure claim

6   is entirely improper and in direct violation of the ruling on defendants' Motion for

7   Summary Judgment or, in the Alternative, Summary Adjudication.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 21

## UNREASONABLE SEARCH

Plaintiff Qiana Marshall claims to have been subjected to an unreasonable search of the plaintiff's home.  The Constitution protects every person against "unreasonable" searches.  Ordinarily, this means that a search warrant must be obtained from a judicial officer such as a judge before any search of a home may be made.

In this case, parolee Donya Steen, had consented to having his person, residence, and any property under his control searched without a warrant by any law enforcement officer as a condition of his parole.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 21**

Defendant Detective Elliott respectfully submits that plaintiff's modified version of *O'Malley's Federal Jury Practice and Instruction* No. 165.22 is entirely inadequate for purposes of properly instructing the jury as to what plaintiff needs to establish in this case to prevail on her claim of unreasonable search in violation of the Fourth Amendment.

More specifically, plaintiff's Proposed Modified Instruction No. 165.22 states that ordinarily, a search warrant must be obtained from a judicial officer such as a judge before any search of a home may be made. Then, it goes on to state that in this case, parolee Donya Steen had consented to having his person, residence, and any property under his control searched without a warrant by any law enforcement officer as a condition of his parole. However, plaintiff's proposed instruction takes no further steps to instruct on any exceptions to the warrant requirement, or to explain what relevance Donya Steen's conditions of parole have to the case at hand. The instruction serves to only partially instruct on the applicable law, and if provided as proposed, will leave the jury perplexed as to what significance, if any, to place on Donya Steen's Conditions of Parole. Should the instruction be given as proposed by plaintiff, the jury may conclude there is liability solely based on the fact that there was no warrant obtained in this case.

Defendant respectfully submits that defendant's modified version of *O'Malley's Federal Jury Practice and Instruction* No. 165.22, as set forth in Instruction No. 7 of Defendant's Proposed Disputed Jury Instructions, Document No. 166 on the Court's Docket, adequately and properly instructs the jury as to what is needed for plaintiff to prevail on her Fourth Amendment claim, namely, the need to prove that Detective Elliott did not have probable cause to believe that Donya Steen resided at Apartment "6" of plaintiff's apartment complex.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 22**

**PROXIMATE CAUSE - GENERALLY**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiff Qiana Marshall, and that plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiff Qiana Marshall has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Qiana Marshall has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Geoffrey Elliott.

Defendant Geoffrey Elliott has the burden of proving each element of his affirmative defenses by a preponderance of the evidence.

Source: *O'Malley's Federal Jury Practice and Instructions 5th Edition*, No. 165.50, Proximate Cause - Generally (Modified)

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 22

Defendant's sole objection is the reference to Detective Geoffrey Elliott as "Geoffry Elliott."

*O'Malley's Federal Jury Practice and Instruction* No. 165.50 states that if the jury finds that plaintiff has not proved any one of the elements by a preponderance of the evidence, they must return a verdict for "defendant police officers."  During meet and confer discussions, defense counsel requested that "defendant police officers" be substituted with "Detective Geoffrey Elliott" or "defendant Detective Goeffrey Elliott."  Plaintiff's counsel objected to the use of Detective Elliott's title, and instead insisted on calling him "defendant Geoffrey Elliott."

As Detective Elliott is being sued in his capacity as a Detective with the Los Angeles County Sheriff's Department, for his actions taken while working as a Detective, defendant submits there is no need to strip Detective Elliott of his title when referring to him in the jury instructions.  Thus, defendant respectfully requests that the reference to "Geoffrey Elliott" be substituted with "Detective Geoffrey Elliott."

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

**PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 23**

**COMPENSATORY AND NOMINAL DAMAGES**

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

If you find for plaintiff Qiana Marshall, you must determine plaintiff's damages.

Plaintiff Qiana Marshall has the burden of proving damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate plaintiff for the deprivation of her civil rights proximately caused by defendant Geoffrey Elliott.

Damages may not be based on speculation or sympathy.  They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

1.      The reasonable cost of plaintiff's medical care;

2.      Plaintiff's emotional pain and mental anguish.

If you find for plaintiff Qiana Marshall, but you find that the plaintiff Qiana Marshall has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar.  The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when actual damages flow from the deprivation.


Source:  *O'Malley's Federal Jury Practice and Instructions* 5th Edition, No. 165.70, Compensatory and Nominal Damages (Modified to reflect facts of the case)

# DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION NO. 23

Defendant's sole objection is the reference to Detective Geoffrey Elliott as "Geoffrey Elliott."

O'Malley's Federal Jury Practice and Instruction No. 165.70 states that damages is the amount of money that will reasonably and fairly compensate plaintiff for the deprivation of civil rights proximately caused by "defendant police officers." During meet and confer discussions, defense counsel requested that "defendant police officers" be substituted with "Detective Geoffrey Elliott" or "defendant Detective Goeffrey Elliott." Plaintiff's counsel objected to the use of Detective Elliott's title, and instead insisted on calling him "defendant Geoffrey Elliott."

As Detective Elliott is being sued in his capacity as a Detective with the Los Angeles County Sheriff's Department, for his actions taken while working as a Detective, defendant submits there is no need to strip Detective Elliott of his title when referring to him in the jury instructions. Thus, defendant respectfully requests that the reference to "Geoffrey Elliott" be substituted with "Detective Geoffrey Elliott."

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 700 South Flower Street, Suite 900, Los Angeles, California 90017-4121.

On January 4, 2013, I served true copies of the following document(s) described as **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DISPUTED JURY INSTRUCTIONS** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address tcana@hurrellcantrall.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 4, 2013, at Los Angeles, California.

Theresa T. Cana

-52-

SERVICE LIST
Qiana Marshall v. County of Los Angeles, et al.
Case No. CV10-6439 MMM (FMOx)

Gary S. Casselman, Esq.                    *Attorneys for Plaintiff*
Danielle Casselman, Esq.
LAW OFFICES OF
GARY S. CASSELMAN
3415 S. Sepulveda Blvd.
Suite 100
Los Angeles, CA 90034
Telephone: (310) 314-4444
Fax: (310) 314-4447

Susan E. Coleman, Esq.                     *Attorneys for Defendants*
BURKE, WILLIAMS &                          *A. PEREZ-TORRES*
SORENSEN, LLP                              *(DOE 8) AND J. OCHOA*
444 S. Flower Street                       *(DOE 10)*
Suite 2400
Los Angeles, CA 90071-
2953
Telephone: (213) 236-0600
Fax: (213) 236-2700

-53-