1  GARY S. CASSELMAN, ESQ. (SBN 81658)
   DANIELLE L. CASSELMAN, ESQ., SBN 170622
2  **CASSELMAN LAW OFFICES**
   3415 South Sepulveda Boulevard, Suite 100
3  Los Angeles, California 90034
   ☎ (310) 314-4444  (Fax) (310) 314-4447
4  e-mail:  garyscasselman@gmail.com

5  Attorneys for Plaintiff, QIANA MARSHALL

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| QIANA MARSHALL, | CASE №. CV-10-06439 TJH (FMOx) |
| Plaintiff, | PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED NON-AGREED INSTRUCTIONS |
| vs. | |
| COUNTY OF LOS ANGELES, AND DOES 1 through 10, inclusive, | Trial:  January 22, 2013 PTC:  January 7, 2013 Time:  10:00 a.m. Ctrm:  17 |
| Defendant. | Action Filed: 8/27/2010 |
| | The Honorable Terry J. Hatter, Jr. United States District Court Judge, Central Dist. |

       Plaintiff objects to Defendant Elliott's listed proposed instructions as follows:


DATED: January 6, 2013          Respectfully Submitted,


                                LAW OFFICES OF
                                GARY S. CASSELMAN

                        BY    /s/
                                GARY S. CASSELMAN
                                Attorneys for Plaintiff,
                                QIANA MARSHALL

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 1**

**OPENING INSTRUCTIONS**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.  During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is *Qiana Marshall*. The party being sued is called the defendant. In this action, the defendant is *Detective Geoffrey Elliott*. You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."  When I "sustain" an objection, I am excluding that evidence from this trial for  a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.   By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner

among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.  From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You  should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other. The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Source: Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* (5th ed.), Instruction No. 101.01. Modified to add the names of the parties.

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED INSTRUCTION NO. 1**

After meet and confer efforts, the parties cannot agree on one singular point about this instruction– whether to refer to the parties by their party designation and/or name or whether to also include a title.

The instruction refers to plaintiff simply as "Qiana Marshall". Plaintiff contends that defendant should similarly be referred to by his name, "Geoffrey Elliott". Plaintiff contends it is biased, argumentative and improper to refer to defendant in this and any other instruction by any other designation such as "sheriff" , "detective", "police officer".

Plaintiff is not referred to or designated by "victim", "retired federal worker" or other extraneous designation, and neither should defendant, in this or any other instruction. It is fairer, simpler and less biased to use only the parties' names.

Defense counsel will refer to defendant as Detective Elliott during testimony and argument and the jury will know and understand he is a detective. However, it need not be repeated in the instruction. All litigants are equal before the law and should be designated by their given names. Insertion of defendant's professional title in the jury instruction removes the equality and tips the scale in favor of defendant.

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

The positions of the parties can be summarized as follows:

Plaintiff Qiana Marshall claims that defendant Detective Geoffrey Elliott violated her Fourth Amendment right to be free from an unlawful search by entering her residence on November 5, 2009. Plaintiff claims she sustained emotional injuries and damages as a result of defendant Detective Geoffrey Elliott's entry into her residence.

Defendant Detective Geoffrey Elliott denies those claims and contends that based on his good faith investigation, he reasonably believed parolee Donya Steen resided at Apartment "6" of plaintiff's apartment complex. Defendant also contends plaintiff failed to mitigate her alleged damages.

Source: Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* (5th ed.), Instruction No. 101.03. Modified to add the claims and affirmative defenses at issue in this case.

**PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION NO. 2**

Plaintiff reasserts her objections set forth in the previous instruction concerning use of the title "detective" in addition to defendant Geoffrey Elliott's name.

Plaintiff also objects because this instruction does not fairly summarize the "claims and defenses" of the parties and is argumentative in favor of defendant.

*Entry* into the residence by defendant is not the sole or primary source of damage and injury to plaintiff. Defendant Elliott was charged with a reasonable investigation to confirm the address to be searched – of parolee Donya Steen,– prior to entry. He failed to do so and numerous armed officers, in reliance on defendant Elliott's error, demanded entry and barged into Plaintiff's residence – not Steen's – at or about 6 a.m. on November 5, 2009.

The instruction mentions "good faith investigation" as an established fact. This characterization is irrelevant, misleading, argumentative and unfair. "Good faith" is not a defense to an alleged Fourth Amendment violation. The standard is "objective", not subjective. *Graham v. Connor*, 490 U.S. 386 (1989).

Defendant's subjective state of mind is irrelevant. The nature and quality of defendant Elliot's "investigation" and whether it provided probable cause to enter Plaintiff's residence are issues to be determined in the case, primarily whether defendant Elliott acted reasonably.

Plaintiff's proposed instruction No. 14 (101.03), modified to reflect the facts of the case, more evenly and fairly reflect the true claims and defenses in this case, neutrally and without improper advocating her position.

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 3**

**STIPULATIONS AT PRETRIAL CONFERENCE**

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

1) The incident giving rise to this action occurred on November 5, 2009.

2) Detective Geoffrey Elliott was acting under color of state law at all times pertinent to this incident.

3) Detective Geoffrey Elliott was employed by the County of Los Angeles at all times pertinent to this incident.

4) Parole Agent Jesse Ochoa and Parole Agent Alejandro Perez-Torres are state parole agents and were employed by the State of California at the time of the incident.

5) Detective Geoffrey Elliott was the investigating officer for the parole compliance search of Donya Steen and his residence.

6) Donya Steen resided at 13526 Kornblum Avenue, Apartment "6A,"Hawthorne, California 90250, at the time of the incident.

7) Plaintiff resided at 13526 Kornblum Avenue, Apartment "6," in Hawthorne, California 90250, at the time of the incident.

8) Apartments "6" and "6A" are next door to each other.

9) Donya Steen was a parolee at the time of the incident.

10) As part of his conditions of parole, Donya Steen had consented to having his person, "residence, and any property" under his "control" searched without a warrant by any law enforcement officer.

11) None of the officers touched plaintiff during the incident.

12) Plaintiff did not resist any officer during the subject incident.

7

1    Since the parties have stipulated to these facts and do not dispute them, you

2    are to take these facts as true for purposes of this case.

3

4    Source: Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions*

5    (5th ed.), Instruction No. 101.47. Modified to add stipulations as set forth in

6    Proposed Final Pretrial Conference Order. *See* Joint Proposed Final Pretrial

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED INSTRUCTION NO. 3**

After meet and confer efforts, the parties cannot agree whether to refer to the parties by their designation and names or whether to include a title. Further, item 4, that parole agents Jesse Ochoa and Alejandro Perez-Torres acted under color of law, is irrelevant. They are no longer parties in this action. Plaintiff withdraws her stipulation to this item and requests that it be removed from the stipulation.

The instruction refers to plaintiff simply as "Qiana Marshall". Plaintiff contends that defendant should similarly be referred to by his name, "Geoffrey Elliott". Plaintiff contends it is biased, argumentative and improper to refer to defendant in this and any other instruction by any other designation such as "sheriff", "detective", "police officer".

Plaintiff is not referred to or designated by "victim", "retired federal worker" or other extraneous designation, and neither should defendant, in this or any other instruction. It is fairer, simpler and less biased to use only the parties' names.

Defense counsel will refer to defendant as Detective Elliott during testimony and argument and the jury will know and understand he is a detective. However, this need not be repeated in the instruction. All litigants are equal before the law and should be designated by their given names. Insertion of the defendant's professional title in the jury instruction removes the equality and tips the scale in favor of defendant.

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 4**

**PREPONDERANCE OF THE EVIDENCE**

Plaintiff Qiana Marshall has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff Qiana Marshall should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant Detective Geoffrey Elliott as to that claim. [The defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.] "Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Source: Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* (5th ed.), Instruction No. 104.01. Modified to add the parties' names.

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED INSTRUCTION NO. 4**

After meet and confer efforts, the parties cannot agree on whether to refer to the parties by their designation and name or whether to include a title.

The instruction refers to plaintiff simply as "Qiana Marshall". Plaintiff contends that defendant should similarly be referred to by his name, "Geoffrey Elliott". Plaintiff contends it is biased, argumentative and improper to refer to defendant in this and any other instruction by any other designation such as "sheriff", "detective", "police officer".

Plaintiff is not referred to or designated by "victim", "retired federal worker" or other extraneous designation, and neither should defendant, in this or any other instruction. It is fairer, simpler and less biased to use only the parties' names.

Defense counsel will likely refer to defendant as Detective Elliott during testimony and argument and the jury will know and understand he is a detective. However, it need not be repeated in the instruction. All litigants are equal before the law and should be designated by their given names. Insertion of the defendant's professional title in the jury instruction removes the equality and tips the scale in favor of defendant.

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 5**

**NATURE OF THE ACTION**

Plaintiff Qiana Marshall claims damages alleged to have been sustained as a result of a deprivation, under color of state law, of a right secured to plaintiff Qiana Marshall by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States. Specifically, plaintiff Qiana Marshall alleges that defendant Detective Geoffrey Elliott subjected plaintiff Qiana Marshall to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional right not to be subjected to an unreasonable search of plaintiff's dwelling.

Defendant Detective Geoffrey Elliott denies that any of his actions during the time in question violated plaintiff's constitutional rights. Defendant Detective Geoffrey Elliott maintains that he was acting in good faith and with probable cause that his actions were reasonable. Defendant Detective Geoffrey Elliott further claims that he is not guilty of any fault or wrongdoing in regard to the incident sued upon.

Source: Kevin F. O'Malley, et al., Federal Jury Practice and Instructions (5th ed.), Instruction No. 165.01. Modified to add plaintiff's name and to substitute "Detective Geoffrey Elliott" instead of "police officers." In addition, modified to set forth the specific right plaintiff claims was violated by the defendant's act. Finally, modified to reflect the fact that there is only one defendant and not two or more defendants.

**PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED
INSTRUCTION NO. 5: NATURE OF THE ACTION:**

The instruction is argumentative, skewed in favor of defendant and is not a fair and impartial statement of the "nature of the action". Plaintiff objects to the omission of the words " unreasonable seizure" in the second paragraph, lines 11-12 of defendant's proposed instruction. Plaintiff proposes the instruction should read, in that part:

> the Constitutional right not to be subjected to an
> unreasonable seizure and search of plaintiff's dwelling.

Defendant Los Angeles County Sheriff Detective Geoffrey Elliott denies that any of his actions during the time in question violated plaintiff's constitutional rights. Defendant claims that his actions were reasonable.

Plaintiff further objects to the following language in the third paragraph, lines15-16 of defendant's proposed instruction:

> *Defendant Detective Geoffrey Elliott maintains that he was*
> *acting in good faith ...*

This language is suggestive, argumentative, invades the province of the jury as it presents "good faith", a subjective and improper consideration, as established fact. This is not part of the determination of whether he acted objectively reasonably.

Plaintiff further objects to the following language in defendant's proposed instruction:

> *Defendant Detective Geoffrey Elliott further claims that he*
> *is not guilty of any fault or wrongdoing in regard to the*
> *incident sued upon*.

This language is improper, argumentative, and should be abandoned in favor of a more balanced and neutral language, reflecting the correct legal standard as proposed in plaintiff's instruction, as follows:

Plaintiff proposes the following:

> **Defendant Geoffrey Elliott denies that any of his actions**
> **during the time in question violated plaintiff's**
> **constitutional rights. Defendant claims that his actions**
> **were reasonable.**

The words "guilty" or "not guilty" (see line 15, *supra*) relate to an inapplicable different standard, *i.e.,* a criminal case. This is a civil action and reference to guilt has no place here and is likely to confuse the jury. Civil jurors already struggle with the lesser burden to be applied in a civil case. The instruction, proposed by defendants, is inapplicable and improper argument and advocacy.

Lastly, as a minor point of contention, Plaintiff objects to insertion of title "detective" preceding defendant Geoffrey Elliott's name. This is unfair, as plaintiff's name is not preceded by any title such as "retired federal worker" or "victim" Qiana Marshall. There is no authority to allow defendant to insert his title in the instruction. He should be referred simply as Defendant Geoffrey Elliot in the jury instructions to reflect how he is referred to in the case caption.

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 6**

**ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM – GENERALLY**

In order to prove plaintiff's claim, the burden is upon plaintiff Qiana Marshall to establish by a preponderance of the evidence each of the following elements:

First: That defendant Detective Geoffrey Elliott performed acts that operated to deprive plaintiff Qiana Marshall of one or more of plaintiff's federal Constitutional rights, as defined and explained in these instructions, by subjecting plaintiff Qiana Marshall to an unreasonable search of plaintiff's dwelling;

Second: That defendant Detective Geoffrey Elliott then and there acted under color of state law; and

Third: That defendant Detective Geoffrey Elliott's acts were the proximate cause of damages sustained by plaintiff Qiana Marshall.

Because defendant Detective Geoffrey Elliott was an official of the Los Angeles County Sheriff's Department at the time of the acts in question, defendant Detective Geoffrey Elliott was acting under color of state law. In other words, the second requirement is satisfied.


Source: Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* (5th ed.), Instruction No. 165.20. Modified to fit the facts of this case and add plaintiff's name. Additionally, substituted "defendant Detective Geoffrey Elliott" for "defendant police officers."

**PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION NO. 6 ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM – GENERALLY**

Plaintiff objects to defendants' proposed instruction No. 6 and suggests instead the following modified Instruction (~~strikeout~~ indicates portions to be deleted):

165.20 Generally :

In order to prove plaintiff's claim, the burden is upon plaintiff <u>Qiana Marshall</u> to establish by a preponderance of the evidence each of the following elements:

First: That defendant Geoffrey Elliott actions ~~performed acts that operated to~~ **deprived** plaintiff Qiana Marshall  of one or more of plaintiff's federal Constitutional rights, as defined and explained in these instructions, by  seizing plaintiff  without probable cause, subjecting plaintiff Qiana Marshall to an unreasonable search of plaintiff's dwelling ~~[using excessive force against plaintiff _____ during the course of the plaintiff's arrest];~~

Second: That defendant  ~~police officers'~~ Geoffrey Elliott then and there acted under the color of state law; and

Third: That defendant  ~~police officers'~~  Geoffrey Elliott's acts were the proximate cause of damages sustained by plaintiff Qiana Marshall .

Because defendant Geoffrey Elliott,  an official of the Los Angeles County Sheriff's Department at the time of the acts in question, defendant Geoffrey Elliott was acting under color of state law.  In other words, the second requirement is satisfied.

Intent is <u>not</u> an element of plaintiff's case. Plaintiff need not show defendant Geoffrey Elliott intended to deprive her of her rights. The fact that the defendant had no specific intent or purpose to deprive plaintiff of her civil rights will not absolve him from liability if he did in fact deprive her of those rights.

1    The instruction was modified in the following respects:

2    The first paragraph was modified to fit the facts of the case;

3    The sentence was modified as follows, for clarity and simplification: "That

4    defendant Geoffrey Elliott **actions** ~~performed acts that operated to~~ **deprived** plaintiff

5    ..."

6    References to arrest, use of force were omitted.

7    The words "defendant police officers" were changed to Defendant Geoffrey

8    Elliot where applicable;

9    Plaintiff's given name was added to fill in the blanks.

10   Addition of the intent language in lines 22-26 is consistent with Supreme Court

11   authority which holds that intent is not an essential element of plaintiff's claim that

12   defendants specifically intended to violate plaintiff's civil rights. See Pierson v. Ray,

13   386 U.S. 547, 556, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967). See also Daniels v.

14   Van De Venter, 382 F.2d 29, 31 (10th Cir.1967) (intent is not necessary element in

15   action under Section 1983).

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 7**

**UNREASONABLE SEARCH**

Plaintiff Qiana Marshall claims to have been subjected to an unreasonable search of the plaintiff's home. The Constitution protects every person against "unreasonable" searches. Ordinarily, this means that a search warrant must be obtained from a judicial officer such as a judge before any search of a home may be made. However, there are a number of exceptions to the warrant requirement. One exception to the warrant requirement is that it is not unconstitutional to conduct a warrantless and suspicionless search of a parolee's person or residence.

In this case, plaintiff's neighbor, parolee Donya Steen, had consented to having his person, residence, and any property under his control searched without a warrant by any law enforcement officer as a condition of his parole. Accordingly, a search of Donya Steen's person or residence would not have been in violation of the Fourth Amendment.

Thus, in order to prove that defendant Detective Geoffrey Elliott deprived the plaintiff Qiana Marshall of the Fourth Amendment right to be free from an unreasonable search of her dwelling, plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Detective Geoffrey Elliott searched plaintiff's residence;

2. In conducting or supervising the search, he did not have probable cause to believe that Donya Steen resided at Apartment "6"; and

3. In conducting or supervising the search, Detective Geoffrey Elliott acted intentionally.

Probable cause exists if a law enforcement officer's observations at the time he acted support "a reasonable belief" that a parolee resides at a particular address.

A person acts "intentionally" when the person acts with a conscious objective to engage in a particular conduct. Thus, the plaintiff must prove that defendant meant to search the plaintiff's residence. Although the plaintiff does not need to prove the

defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally, or inadvertently in conducting the search.

As you have heard throughout the course of this trial, there were a number of officers who accompanied Detective Geoffrey Elliott to plaintiff's residence on the date in question. I instruct you that these officers' conduct during the execution of the search was at all times lawful .

Finally, in determining whether or not Detective Geoffrey Elliott is liable, your decision must be based upon his individual actions only, and cannot be based upon actions taken by other officers who are not defendants in this lawsuit.

Source: Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* (5th ed.), Instruction No. 165.22, modified to reflect the unique circumstances in this case and to tailor the instruction to reflect The Honorable Margaret M. Morrow's rulings in this case. Additional sources relied on include the 9th Cir. Manual of Model Civil Jury Instructions, No. 9.11 (2007) (modified); Judge Morrow's Order Granting in Part and Denying in Part Defendants' Motions for Summary Judgment, Document No. 114 on the Court's Docket ("Judge Morrow's Order on Defendants' MSJ"), and supporting cases as cited.

**Exception to Warrant Requirement – Probable Cause to Believe Parolee Resides at Address in Question.**

Police officers may search the home of a parolee "without a warrant" and without "running afoul the Fourth Amendment" so long as "the officers have probable cause to believe that they are at the address where the parolee resides." *Sanchez v. Canales*, 574 F.3d 1169, 1174 (9th Cir. 2009), *overruled on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir. 2012); *see also United States v. Lopez*, 474 F.3d 1208 (9th Cir. 2007), *overruled on other grounds by United States v. King*, 687 F.3d 1189 (9th Cir. 2012)(suspicionless searches of a

parolee's person or residence do not offend the Fourth Amendment if a parolee has consented to searches as a condition of his parole).

It is undisputed in this case that as part of his conditions of parole, Donya Steen had consented to having his person, "residence, and any property" under his "control" searched without a warrant by any law enforcement officer. *See* December 12, 2011 Proposed Final Pretrial Conference Order, Section 5, Stipulated Fact No. 10, Document No. 120-1 on the Court's Docket. Thus, the issue to be determined is whether Detective Geoffrey Elliott had probable cause to believe Donya Steen resided at plaintiff's apartment or Apartment "6."

**Establishing Probable Cause.**

"Probable cause requires 'that the facts available to the officer would warrant a man of reasonable caution in the belief'" that Apartment 6 was Steen's residence at the time the search was conducted. *See* Judge Morrow's MSJ Order, pg. 16, *citing United States v. Franklin*, 603 F.3d 652, 656 (9th Cir. 2010) (quoting *Texas v.Brown*, 460 U.S. 730, 742 (1983))."); pg. 15 (""Where a law enforcement officer's observations support 'a reasonable belief' that a parolee resides at a particular address, this 'provide[s] a reasonable basis for [a parole] search.'" *Motley v. Parks*,432 F.3d 1072, 1078-79 (9th Cir. 2005) (per curiam)).").

Notably, plaintiff has the burden to establish a search is not supported by probable cause and that plaintiff therefore suffered a constitutional injury as a result of the searches. *Escalante v. City of Delano*, 2007 U.S. Dist. LEXIS 811, *29 (E.D.Cal. Jan. 5, 2007)(plaintiff has the burden to establish that the searches were not supported by probable cause and that plaintiff therefore suffered a constitutional injury as a result of the searches); *see also Norse v. City of Santa Cruz*, 629 F.3d 966(9th Cir. 2010)("To prevail on a 42 U.S.C.S. § 1983 claim for false arrest, a plaintiff must demonstrate that there was no probable cause to arrest him. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam)."

**Conduct of the Officers Once Inside Lawful as a Matter of Law.**

Once inside, the officers' conduct was lawful as a matter of law. *See* Judge Morrow's Order on Defendants' MSJ, pg. 15, lines 17-19 ("[D]efendants need no suspicion to conduct a search of Steen's apartment, ***and their conduct would clearly have been lawful had the apartment they entered been Steen's***.") (emphasis added); see also pg. 22 ("***Marshall has adduced no evidence*** that anything in the apartment was damaged, let alone ***that the officers' conduct during the search was more than negligent***. *Sherman v. Byrd*, 83 F.3d 428, 1996 WL 200239, *2 (9th Cir. Apr. 24,1996) (Unpub. Disp.) …"))(emphasis added).

**The Only Remaining Action is Unreasonable Search by Detective Elliott.**

The only cause of action which remains to be tried by a jury is plaintiff's Section 1983 claim for "unreasonable search" against Detective Elliott. *See* Judge Morrow's Order on Defendants' MSJ, pg. 28, ln. 19 to pg. 29, ln. 1 ("The court grants summary judgment on all claims in favor of defendants County of Los Angeles, Marino, Painter, Vaziri, Yokoyama, Bomben, Peres-Torres, and Ochoa. Defendants' motion for summary judgment on Marshall's § 1983 unreasonable search claim against Elliott is denied.").

**Detective Elliott Cannot be Liable for Conduct of the Other Officers.**

As previously stated, Judge Morrow has ruled that the execution of the search once inside plaintiff's apartment was valid. As such, at issue is only whether the entry into plaintiff's residence violated the Fourth Amendment. In determining Detective Elliott's liability, the actions taken by other officers should not be considered by the jury as Detective Elliott could not be held liable for actions committed by others. As set forth in the Notes to Federal Jury Practice and Instruction No. 165.22, in *Chuman v. Wright*, 76 F.3d 292 (9th Cir. 1996), the Ninth Circuit held that the following instruction was erroneous and not harmless error in a Section 1983 action arising from a police officer's allegedly illegal acts committed during execution of a valid search warrant:

"Concerning the search of the residence, if you find the searches were conducted in an unreasonable manner, then no matter whose actions ultimately inflicted the plaintiff's injury, when the deprivation of the rights is the result of a "team effort," all members of the "team" may be held liable." *Chuman*, 76 F.3d at 294.

In so ruling, the Ninth Circuit explained as follows:

"The underlying problem with a "team effort" theory is that it is an improper alternative grounds for liability. It removes individual liability as the issue and allows the jury to find the defendant liable on the ground that even if the defendant had no role in the unlawful conduct, he would nonetheless be guilty if the conduct was the result of a "team effort." *Chuman*, 76 F.3d at 295.

Accordingly, in this case, because the other officers' conduct were ruled to be liable as a matter of law [sic], and because Detective Elliott's liability should be determined based solely on his actions, the jury should be instructed to base their decision as to Detective Elliott's liability upon Detective Elliott's actions only.

**Negligence Not Enough.**

"[I]t is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search." *See* 9th Cir. Manual of Model Civil Jury Instructions, No. 9.11 (2007), last sentence in last paragraph. Additionally, as noted in the Ninth Circuit's Model Civil Jury Instruction No. 9.11's commentary, it is well settled that "negligent acts do not incur constitutional liability." *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002).

**PLAINTIFF'S OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION NO. 7 UNREASONABLE SEARCH**

Objection. Argumentative. Contains incorrect statements of the law. Defendant's instruction is misleading and confusing by combining too many legal concepts in one instruction, which are adequately covered separately in other instructions (burden of proof, elements of the claim, intent, probable cause, whether the conduct of others who are no longer parties to the case was lawful).

Defendant's instruction conflates team liability, sort of a *Nuremburg* principle – not at issue here – with the undeniable fact that defendant Elliott's failure to correctly ascertain the correct apartment to enter and search caused the officers, who relied on his investigation, to go to the wrong location – Plaintiff's.

Further, instructing the jury what this case purportedly does not involve, by reference to negligence, is argumentative, unnecessary, confusing and misleading. Defendant Elliott needed probable cause that parolee Steen would be found at Plaintiff's apartment.  While there is not a state-based claim for negligence, the federal standard is similar. Whether there was probable cause or not – to search Plaintiff's apartment – is at issue.  Insertion of the phrase "Negligence is not enough" is not appropriate here; it skews the jury's decision to excuse a failure to objectively behave reasonably.  Juries in Fourth Amendment use of force cases are more appropriately instructed that the defendant's act(s) – to be evaluated for reasonableness – must be volitional acts, *cf.* whether defendant slipped or was startled into firing instead of choosing to do so.  Here, the question is not whether defendant acted involuntarily.  His choice to improperly or inadequately investigate led to the volitional act to lead his men to the wrong apartment.  To suggest that his conduct was not volitional in going to the location entered is to direct the verdict in this case.  Defendant's proffered instruction suggests that leading numerous armed deputies into the wrong apartment because of failure to undertake the assigned investigation

– which defendant Elliott had days and weeks to conduct, but failed to accomplish – was a mere "mistake" that excuses him.  That is not the law.  Under *Motley v. Parks* 432 F.3d 1072 (9th Cir. 2005) the officer in charge (here defendant Elliott) must have reasonable cause to believe that the location subjected to a parole search is actually the residence/location where the parolee will be found.  The finder of fact will be tasked whether defendant Elliott was reasonable in leading his men (or causing them to enter) the wrong location.

Defendant's citation of *Chuman v. Wright* 76 F.3d 292 (9th Cir. 1996) re the prohibition of "team liability" is mistakenly applied here. There, it was alleged against various law enforcement officers that they committed illegal acts while executing valid search warrant.  District Court Judge Ronald S.W. Lew, J., entered judgment on jury verdict against two officers, one of whom subsequently settled. The remaining officer appealed. The Court of Appeal, held that trial court erred reversibly by giving jury instruction that removed individual liability as issue and allowed jury to find defendant liable on ground that even if he had no role in unlawful conduct, he would nonetheless be guilty if conduct were result of "team effort."

To the contrary here, the trial proceeds only against defendant Elliott for individual liability for *his* allegedly culpable acts or omissions – not because he was part of a team – but because he was supposed to investigate and confirm the proper address to search, then led the team (who justifiably followed him there) to Plaintiff's apartment,   the wrong apartment without probable cause to believe that parolee Donya Steen resided there.

It is not team liability[1] which is to be applied; it is defendant Elliott's individual liability because he caused the other officers to enter the wrong location through his own culpable acts or omissions; he was charged with determining the correct location, knowing that a number of armed officers would go where he directed them, but failed to adequately investigate to confirm the proper location.

---

[1]Culpability attributed solely due to membership in a group or team.

Defendant's proffered instruction is hopelessly confusing and misleading. It appears to suggest as to other (now dismissed) police officers who entered and searched that their conduct was reasonable. That was not the court's decision as to the entry by them into Plaintiff's apartment. Legally, they were entitled to rely on defendant Elliott's bungling of his assignment to locate the correct apartment. Their entry lacked probable cause and violated Plaintiff's rights. However, because they justifiably relied on defendant Elliott, they bear no liability; he alone faces liability because it was his assigned duty to properly investigate and locate the right apartment to search. As a matter of law those searching officers, formerly defendants, were following the direction of defendant Elliott to enter and search – which he directed and led them to do. It is *his* liability – not theirs – which is in issue. Defendant's misleading instruction suggests and infers otherwise. The injury, damage and harm which the entry of the officers caused is attributable to defendant Elliott alone, but it should not be inferred that the entry was proper or caused no harm.

Further, this instruction crosses the line between instructing the jury on the applicable law to offering an advocate's hopelessly long, one-sided brief in favor of defendant. That is for argument, not jury instruction.

Plaintiff proposes the following modified instruction, to reflect the facts of the case:

### § 165.22 Unreasonable search

Plaintiff Qiana Marshall claims to have been subjected to an unreasonable search of her home. The Constitution protects every person against "unreasonable" searches. Ordinarily, this means that a search warrant must be obtained from a judicial officer such as a judge before any search of a home may be made.

In this case, parolee Donya Steen, had consented to having his person, residence, and any property under his control searched without a warrant by any law enforcement officer as a condition of his parole.

This is a basic introductory instruction with a correct general statement of the law on unreasonable searches and the parolee exception, and should not be further modified.

Plaintiff's proposed other special instructions cover the subject of exception to the warrant requirement in the context of a parolee search.  In particular, Plaintiff's proposed special instruction Nos. 5 and 6 further inform the jury about searches of parolees' residences as an exception to the warrant requirement.

Nothing in the law justifies entry into and search of  a third party's residence to search for a parolee.  *Motley v. Parks* 432 F.3d @ 1079 (2005);   As drafted by defendants, this instruction appears to imply otherwise.


Plaintiff proposes a further Special Instruction to cover the subject of probable cause, as follows:

> Probable cause requires that the facts available to defendant
> Geoffrey Elliott would warrant a man of reasonable caution in
> the belief that the apartment he entered and searched was the
> parolee's residence at the time the entry and search were
> conducted.

Authority for this additional Special Instruction offered by Plaintiff is found in United States v. Franklin 603 F.3d 652, 656 (quoting Texas v. Brown 460 U.S. 730, 742 (1983)

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 8**

**CAUSATION - GENERALLY**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiff Qiana Marshall, and that plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiff Qiana Marshall has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Qiana Marshall has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Detective Geoffrey Elliott.

Defendant Detective Geoffrey Elliott has the burden of proving each element of his affirmative defenses by a preponderance of the evidence.

Source: Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* (5th ed.), Instruction No. 165.50. Modified to substitute Detective Geoffrey Elliott instead of "defendant police officers."

# PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED INSTRUCTION NO. 8

After meet and confer efforts, the parties cannot agree on whether to refer to the parties by their designation and names or whether to include a title.

The instruction refers to plaintiff simply as "Qiana Marshall". Plaintiff contends that defendant should similarly be referred to by his name, "Geoffrey Elliott". Plaintiff contends it is biased, argumentative and improper to refer to defendant in this and any other instruction by any other designation such as "sheriff" , "detective", "police officer".

Plaintiff is not referred to or designated by "victim", "retired federal worker" or other extraneous designation, and neither should defendant, in this or any other instruction.   It is fairer, simpler and less biased to use only the parties' names.

Defense counsel will refer to defendant as Detective Elliott during testimony and argument and the jury will know and understand he is a detective.  However, it must not needlessly repeated in the instruction.  All litigants are equal before the law and should be designated by their given names.  Insertion of the defendant's professional title in the jury instruction removes the equality and tips the scale in favor of defendant.

## DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 9

## COMPENSATORY AND NOMINAL DAMAGES

If you find for *plaintiff Qiana Marshall*, you must determine plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for the deprivation of her civil rights proximately caused by defendant *Detective Geoffrey Elliott*. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damages to the extent you find them proved by a preponderance of the evidence, and no others:

1. The reasonable cost of plaintiff's medical care;

2. Plaintiff's emotional pain and mental anguish.

If you find for *plaintiff Qiana Marshall*, but you find that the plaintiff Qiana Marshall has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar. The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when actual damages flow from the deprivation.

Source*: Kevin F. O'Malley*, *et al.*, *Federal Jury Practice and Instructions* (5th ed.), Instruction No. 165.70. Modified to fit the facts of this case and reflect damages recoverable in this case. Additionally, substituted Detective Geoffrey Elliott for "defendant police officers."

29

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED**
**INSTRUCTION NO. 9**

After meet and confer efforts, the parties cannot agree on whether to refer to
the parties by their designation and names or whether to include a title.

The instruction refers to plaintiff simply as "Qiana Marshall". Plaintiff contends
that defendant should similarly be referred to by his name, "Geoffrey Elliott".
Plaintiff contends it is biased, argumentative and improper to refer to defendant in
this and any other instruction by any other designation such as "sheriff" , "detective",
"police officer".

Plaintiff is not referred to or designated by "victim", "retired federal worker"
or other extraneous designation, and neither should defendant, in this or any other
instruction.   It is fairer, simpler and less biased to use only the parties' names.

Defense counsel will refer to defendant as Detective Elliott during testimony
and argument and the jury will know and understand he is a detective.  However, it
must not needlessly repeated in the instruction.  All litigants are equal before the
law and should be designated by their given names.  Insertion of the defendant's
professional title in the jury instruction removes the equality and tips the scale in
favor of defendant.

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 10**

**DUTY TO MITIGATE**

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injuries and to effect a recovery from such injuries.

Source: Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* (5th ed.), Instruction No. 128.50.

**AND**

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 11**

**MITIGATION OF DAMAGES**

If you find plaintiff Qiana Marshall was injured as a result of the conduct by defendant Geoffrey Elliott in violation of Section 1983, you must determine whether plaintiff could have done something to lessen the harm suffered. Defendant has the burden to prove by a preponderance of the evidence that plaintiff could have lessened or reduced the harm done to plaintiff and that plaintiff failed to do so.

Source: Kevin F. O'Malley, *et al.*, *Federal Jury Practice and Instructions* (5th ed.), Instruction No. 165.72. Modified to insert the names of the parties in the first sentence and used "defendant" instead of "defendant police officers."

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED
INSTRUCTIONS 10 and 11:**

Plaintiff objects to these cumulative instructions and contends that there are no facts indicating a failure to mitigate damages which would support Defendants' instructions 10 and 11.

The evidence will show that Plaintiff, already disabled as a result from prior unrelated physical conditions, sought psychological/psychiatric care to address the trauma of the subject incident.  Even Defendant's psychological expert opines, based solely review of medical and psychological records, that Plaintiff suffered effects of the trauma from the subject incident for 8-10 months thereafter.

Plaintiff's treating therapist and psychiatrist were seen for counseling shortly after the trauma.  She received therapy and was prescribed psychiatric medication to assist in her recovery.  Monitoring of the dosage and effects of the medication must be performed regularly.   Defendants have not shown sufficient facts that plaintiff failed/neglected to do anything to mitigate her damages which would justify these proposed instructions.

Defendant has misunderstood the deposition testimony of Plaintiff's treating mental health professional, Linda Rosetti, MFT.  Based on that misunderstanding, defendant offers the foregoing instruction.  Plaintiff submits that there is no factual support for that contention or the instructions proposed.